**In re AIR CRASH AT TAIPEI, TAIWAN ON OCTOBER 31, 2000.**

**No. MDL 1394–GAF(RCx).**

United States District Court, C.D. California.

June 19, 2002.

Donald J. Nolan, Nolan Law Group, Chicago, IL, Juanita M. Madole, Speiser Krause, Irvine, CA, for plaintiffs.

Rod D. Margo, Scott D. Cunningham, Condon & Forsyth, LLP, Los Angeles, CA, for defendants.

## PROCEEDINGS: PLAINTIFFS' MOTION TO COMPEL RE FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

CHAPMAN, United States Magistrate Judge.

On May 13, 2002, plaintiffs filed a notice of motion and motion for ruling on objections re plaintiffs' first set of requests for production of documents and an amended joint stipulation, and plaintiffs subsequently filed exhibits 1 through 16 to the joint stipulation. On May 20, 2002, plaintiffs filed their supplemental memorandum with exhibits, and on May 22, 2002, defendant filed its supplemental memorandum with exhibits. On June 7, 2002, the defendant improperly filed the declaration of Stephen R. Ginger, with exhibits.

Oral argument was held before Magistrate Judge Rosalyn M. Chapman on June 19, 2002. Donald J. Nolan and Juanita Madole, attorneys-at-law, appeared on behalf of plaintiffs. Rod D. Margo and Scott D. Cunningham, attorneys-at-law, appeared on behalf of defendant.

## BACKGROUND

The parties state in their Amended Joint Stipulation that on July 26, 2001, plaintiffs served their first set of requests for production of documents on defendant, who responded to the requests on October 2, 2001, and supplementally responded on January 15, 2002. In its initial response, defendant raised "General Objections" of attorney-client and attorney work-product privilege, but did not submit a privilege log. Nevertheless, defendant represents in the Amended Joint Stipulation that it "did not withhold any documents on the basis of [attorney-client and attorney work product privilege[s]. . . . ]" Amended Joint Stip. at 5:22–23. Additionally, in its initial and supplemental responses to Request nos. 18–27, 42, 46, 53–54–62, 64–69, 74–80, defendant stated: "SIA is unable to comply with this request because the Government of Taiwan has stated that all accident investigation documents are confidential and cannot be released."

## DISCUSSION

This action involves the crash upon takeoff of Singapore Airlines flight SQ006 in Taipei, The Republic of China ("Taiwan"), on October 31, 2000 ("Taiwan crash"). The Court's earlier discovery order, dated November 21, 2001, discusses Rule 26(b) regarding the relevancy of discovery documents, and there is no need to repeat that discussion here. Rule 34 of the Federal Rules of Civil Procedure provides for the production of documents and things, stating "[a]ny party may serve on any other party a request . . . to produce and

permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents. . . ." Fed.R.Civ.P. 34(a).

■ By the pending discovery motion, plaintiffs seek to compel responses to 55 of 82 requests made in their first set of requests for production of documents.[1] Since defendant has stated it is not objecting to any of the discovery on attorney-client or work-product grounds, despite defendant's General Objections, the Court will not address that issue.[2] Generally, defendant has objected to some of the discovery on relevancy and overbreadth grounds, and to some of the discovery on the grounds that disclosure of the information would be violative of the Singapore Official Secrets Act ("SOSA") and the Convention on International Civil Aviation, December 7, 1944, 61 Stat. 1180, P.I.A.S. no. 1591, 15 U.N.T.S. 295, Annex 13, § 5.01 ("ICAO Annex 13").[3] Specifically, defendant contends it is prohibited from responding to Request nos. 18–19, 23–24, and 55 under SOSA and Request nos. 18–27, 42–43, 53–56, 58–62, 64–69, 74–80 under ICAO Annex 13.

SOSA provides, in pertinent part:

If any person having in his possession or control any secret official code word, countersign or password, or any photograph, drawing, plan, model, article, note, document or information which—

(a) relates to or is used in a prohibited place or anything in such a place;

(b) relates to munitions of war;

(c) has been made or obtained in contravention of this Act;

(d) has been entrusted in confidence to him by any person holding office under the Government; or

(e) he has obtained, or to which he has had access, owing to his position as a person who holds or has held office under the Government, or as a person who holds, or has held a contract made on behalf of the Government or any specific organization, or as a person who is or has been employed under a person who holds or has held such an office or contract, does any of the following:

(i) communicates directly or indirectly any such information or thing as aforesaid to any foreign Power other than a foreign Power to whom he is duly authorized to communicate it, or to any person other than a person to whom he is authorized to communicate it or to whom it is his duty to communicate it;

(ii) uses any such information or thing as aforesaid for the benefit of any foreign Power other than a foreign Power for whose benefit he is authorized to use it, or in any manner prejudicial to the safety or interests of Singapore;

(iii) retains in his possession or control any such thing as aforesaid when he has no right to retain it, or when it is contrary to his duty to retain it, or fails to comply with all lawful directions is-

---

1. The Court strongly admonishes plaintiffs for failing to specify or identify in their notice of motion, let alone in their portion of the Amended Joint Stipulation, those requests they seek to compel. Plaintiffs are advised that the Court will not in the future consider any discovery motion in which the notice of motion does not clearly specify or identify the discovery in dispute.

2. Defendant, however, is advised that formally claiming a privilege involves specifying which information and documents are privileged and for what reasons, especially when the nature of the information or documents does not reveal an obviously privileged matter. Fed.R.Evid. 501; *United States v. Zolin*, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625, 105 L.Ed.2d 469 (1989); *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir.1992). "The claim of privilege must be made and sustained on a question-by-question

or document-by-document basis; a blanket claim of privilege is unacceptable." *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir.1983); *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991); *Eureka Financial Corp. v. Hartford Acc. & Indem. Co.*, 136 F.R.D. 179, 183 (E.D.Cal.1991). Thus, a "general objection" is not sufficient. Moreover, assuming arguendo defendant had an attorney-client privilege or work-product doctrine claim, those privileges have been waived by defendant's failure to produce a privilege log. *Clarke*, 974 F.2d at 129; *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981).

3. For purposes of this motion, and since the matter is undisputed, the Court accepts the parties' representations that the documents presented to the Court accurately set forth the laws of Singapore and the Republic of China (Taiwan) on the issues presented.

sued by lawful authority with regard to the return of disposal thereof; or

(iv) fails to take reasonable care of, or so conducts himself as to endanger the safety or secrecy of any such information or thing as aforesaid, that person shall be guilty of an offence.

Singapore Official Secrets Act, § 5(1), Amended Joint Stip., Exh. 14.

The defendant's objection under SOSA is based on a letter dated March, 21, 2002, from David Chong Gek-Sian, ostensibly written to defendant on behalf of the Attorney General of Singapore, which states, in pertinent part, that "information entrusted in confidence to [Singapore Airlines] ... is secret official information protected by the Official Secrets Act." Amended Joint Stip., Exh. 13. On the other hand, plaintiffs argue that SOSA is inapplicable since the disputed document requests seek information relating to an airplane crash—not a "state secret." Nonetheless, this court has "neither the power nor the expertise to determine ... what [Singapore] law is"; therefore, the Court would apply to the disputed document requests. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 & n. 7 (9th Cir.), *cert. dismissed*, 506 U.S. 948, 113 S.Ct. 454, 121 L.Ed.2d 325 (1992). This does not end the inquiry, however.

"The party relying on foreign law has the burden of showing such law bars production [of documents]." *United States v. Vetco, Inc.*, 691 F.2d 1281, 1288 (9th Cir.), *cert. denied*, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981); *In re Grand Jury Proceedings*, 873 F.2d 238, 239–40 (9th Cir.1989) (per curiam). Moreover, "it is well settled that [a foreign] statute [ ] do[es] not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Societe Nationale Industrielle Aerospatiale v. United States District Court for Southern District of Iowa*, 482 U.S. 522, 544 n. 29, 107 S.Ct. 2542, 2556 n. 29, 96 L.Ed.2d 461 (1987). Rather a foreign state's admitted interest in secrecy, for example, "must be balanced against the interests of the United States and the plaintiffs in obtaining the information." *Richmark*

*Corp.*, 959 F.2d at 1473. Factors to consider in balancing these competing interests include: (1) the importance to the litigation of the documents requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the foreign state where the information is located. *Societe· Nationale Industrielle Aerospatiale*, 482 U.S. at 544 n. 28, 107 S.Ct. at 2556 n. 28; *Richmark Corp.*, 959 F.2d at 1475; Restatement (Third) of Foreign Relations Law § 442(1)(c) (1986). "Other factors that [courts] have considered relevant are the extent and nature of the hardship that inconsistent enforcement would impose upon the person, ... [and] the extent to which enforcement by action of either state can reasonably be expected to achieve compliance with the rule prescribed by that state." *Richmark Corp.*, 959 F.2d at 1475 (internal quotation marks omitted); *Vetco, Inc.*, 691 F.2d at 1288.

■ With regard to the first factor, "[w]here the outcome of litigation 'does not stand or fall on the present discovery order,' or where the evidence sought is cumulative of existing evidence, courts have generally been unwilling to override foreign secrecy laws. Where the evidence is directly relevant, however, ... this factor ... weigh[s] in favor of disclosure." *Richmark Corp.*, 959 F.2d at 1475 (citations omitted). Here, the disputed document requests seek: documents containing any partial or complete transcript of the cockpit voice recorder tape ("CVR") (Request no. 18); the original CVR tape or a "complete and certified copy thereof" (Request no. 19); notes from any of defendant's employees who participated in the accident investigation (Request no. 23); all accident reports regarding the air crash (Request no. 24); and documents "containing or comprising an inventory of the wreckage of the subject aircraft" (Request no. 55). Most of this information is crucial to plaintiffs' ability to prosecute their claims; there-

fore, this factor weighs in favor of disclosure. *Richmark Corp.*, 959 F.2d at 1475; *In re Aircrash Disaster Near Roselawn, Ind.*, October 31, 1994, 172 F.R.D. 295, 310 (N.D.Ill. 1997).

"A second consideration in evaluating a discovery request is how burdensome it will be to respond to that request. Generalized searches for information, the disclosure of which is prohibited under foreign law, are discouraged." *Richmark Corp.*, 959 F.2d at 1475. Here, as in *Richmark*, defendant has not objected that any of the five discovery requests objected to under SOSA are burdensome; therefore, defendant "has not made this factor an issue, and it does not favor nondisclosure here." *Id.*

With regard to the third factor, "[t]he fact that all the information to be disclosed (and the people who will ... produce the documents) are located in a foreign country weighs against disclosure, since those people and documents are subject to the law of that country in the ordinary course of business." *Id.* Here, defendant asserts that its principal place of business is Singapore, and "the majority of the information requested by [plaintiffs], as well as the people who will ... produce the documents, are located in Singapore[, and n]one of the information requested was created or kept in the United States," Amended Joint Stip. at 14:14–19; however, defendant has provided no competent evidence, by declaration or otherwise, supporting this argument, and it is self-evident that defendant, unlike the defendant in *Richmark*, has offices in the United States and conducts regular flights to and from the United States. Plaintiffs' Supplemental Memorandum at 14:10–15. The only evidence supporting either plaintiffs' or defendant's position is the Permit to Foreign Air Carrier issued to Singapore Airlines by the United States Department of Transportation on December 24, 1997, Amended Joint Stip., Exh. 6, which shows defendant is authorized to fly passengers to and from the United States. Although it is likely that at least some of the documents plaintiffs request may be located in Singapore, it is just as likely that responsive documents may be located in Taiwan, if not the United States. Thus, this favors neither party.

Fourth, "[i]f the information sought can easily be obtained elsewhere, there is little or no reason to require a party to violate foreign law." *Richmark Corp.*, 959 F.2d at 1475. Any alternative means must be "substantially equivalent" to the requested means of production. *Id.; Vetco, Inc.*, 691 F.2d at 1290. Here, defendant suggests plaintiffs "could obtain a majority of the requested information from the ASC's Preliminary Group Report[,] which has already been produced." Amended Joint Stip. at 14:25–28. Additionally, defendant asserts that plaintiffs have "failed to formally or informally request any information from the Taiwanese government or the ASC." *Id.* at 15:1–3. However, defendant has not shown that the ASC report is substantially equivalent to the requested documents, or would be considered at trial, since similar accident reports prepared by the National Transportation Safety Board ("NTSB") are inadmissible in civil lawsuits. 49 U.S.C. § 1154(b); *Chiron Corp. & PerSeptive Biosystems, Inc. v. Nat'l Transp. Safety Bd.*, 198 F.3d 935, 940 (D.C.Cir.1999). Nor must plaintiffs request information from Taiwan before seeking discovery from the defendant. *Vetco, Inc.*, 691 F.2d at 1290. Therefore, this factor weighs in favor of plaintiffs.

The fifth factor "is the most important factor." *Richmark Corp.*, 959 F.2d at 1476. It requires this Court to:

> assess the interests of each nation in requiring or prohibiting disclosure, and determine whether disclosure would "affect important substantive policies or interests" of either the United States or [Singapore]. In assessing the strength of [Singapore's] interests, [this Court] will consider "expressions of interest by the foreign state," "the significance of disclosure in the regulation ... of the activity in question," and "indications of the foreign state's concern for confidentiality *prior to the controversy.*"

*Id.* (citation omitted; emphasis in original).

Generally, every foreign state has strong interests in enforcing its secrecy laws. *Reinsurance Co. of America, Inc. v. Administra-*

*tia Asigurarilor de Stat,* 902 F.2d 1275, 1280–81 (7th Cir.1990); *Alfadda v. Fenn,* 149 F.R.D. 28, 34 (S.D.N.Y.1993). However, it is not at all clear that those interests are implicated here. The only evidence defendant presents to support its assertion that production of the requested documents would violate SOSA is the letter from Mr. Sian. However, this letter does not mention any of the specific document requests at issue herein, and it is unclear what, if any, documents pertaining to the Taiwan crash would have been supplied in confidence by the Government of Singapore. *See Alfadda,* 149 F.R.D. at 35 (finding "the applicability of Swiss secrecy laws to the facts involved in the instant motion is unclear" and "[t]o the extent Swiss law is not truly implicated, Switzerland clearly does not have any interest in preventing the disputed discovery"). Moreover, defendant does not explain how documents produced under an appropriate protective order would impinge on Singapore's interests in secrecy. *Richmark Corp.,* 959 F.2d at 1477; *see also Vetco, Inc.,* 691 F.2d at 1289 (governmental interest in confidentiality is diminished where party seeking records is required to keep them confidential). On the other hand, the United States obviously has a substantial interest in "vindicating the rights of American plaintiffs[,]" *Richmark Corp.,* 959 F.2d at 1477, and this interest was recognized by defendant when it applied for a foreign air carrier permit and agreed to comply with all applicable United States laws. Therefore, because defendant has "been unable to identify any way in which [Singapore's] interests will be hurt by disclosure, the interests of the United States must prevail." *Richmark Corp.,* 959 F.2d at 1477.

Nevertheless, "fear of criminal prosecution constitutes a weighty excuse for nonproduction ...," *Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers,* 357 U.S. 197, 211, 78 S.Ct. 1087,

1095, 2 L.Ed.2d 1255 (1958); *Richmark Corp.,* 959 F.2d at 1477, and defendant argues that complying with the Court's discovery order could result in criminal prosecution in Singapore for violation of SOSA. Amended Joint Stip. at 17:1–10. Unfortunately for defendant, the only evidence defendant proffers to support this argument is, once again, the letter by Mr. Sian, which merely outlines the provisions of SOSA and requests defendant's compliance. This letter is not persuasive proof that defendant or its officers or managing agents will be criminally prosecuted for complying with an order of this Court.[4] Nor has defendant presented any evidence regarding the manner and extent to which Singapore enforces its secrecy laws. *Reinsurance Co. of America, Inc.,* 902 F.2d at 1281. Therefore, hardship is not a factor weighing in favor of defendant and against disclosure. *See In re Grand Jury Proceedings,* 873 F.2d at 240 (party who fails to demonstrate what action government might take for complying with discovery order does not meet burden).

Finally, "[i]f a discovery order is likely to be unenforceable, and therefore to have no practical effect, that factor counsels against requiring compliance with the order." *Richmark Corp.,* 959 F.2d at 1478. Here, the defendant has presented no evidence that this Court's discovery order will be unenforceable, and since defendant is a party before this Court the opposite is true. *See* Fed.R.Civ.P. 37; *Richmark Corp.,* 959 F.2d at 1478 ("[F]oreign corporations which avail themselves of business opportunities in the United States must abide by United States laws...."). Therefore, this factor does not weigh against disclosure. Taking all these factors into consideration, the balance tips significantly in plaintiffs' favor and this Court overrules defendant's SOSA objections.[5]

---

**4.** Indeed, although this Court has assumed arguendo that the disputed document requests may implicate SOSA, defendant has not presented any evidence demonstrating it will run afoul of SOSA by complying with the requested documents. *See, Alfadda,* 149 F.R.D. at 35–36 (rejecting party's claim of great hardship when party "failed to make a factual showing sufficient to establish that Swiss secrecy laws protect the information

sought and expose him to penalties if he responds to plaintiffs' questions").

**5.** Having concluded that SOSA does not bar the disputed discovery requests, this Court need not consider plaintiffs' alternate argument that defendant waived any reliance on SOSA by failing to make this objection in its initial responses to plaintiffs' discovery requests.

ICAO Annex 13 provides, in pertinent part:

> The State conducting the investigation of an accident or incident shall not make the following records available for purposes other than accident or incident investigation, unless the appropriate authority for the administration of justice in that State determines that their disclosure outweighs the adverse domestic and international impact such action may have on that or any future investigations:
>
> > a) all statements taken from persons by the investigation authorities in the course of their investigation;
> >
> > b) all communications between persons having been involved in the operation of the aircraft;
> >
> > c) medical or private information regarding persons involved in the accident or incident;
> >
> > d) cockpit voice recordings and transcripts from such recordings; and
> >
> > e) opinions expressed in the analysis of information, including flight recorder information.
>
> These records shall be included in the final report or its appendices only when pertinent to the analysis of the accident or incident. Parts of the records not relevant to the analysis shall not be disclosed.

ICAO Annex 13, §§ 5.12–5.12.1 (9th ed., July 2001). Additionally, Section 5.26 of ICAO Annex 13 provides that representatives of other states assisting in the investigation "shall not divulge information on the progress and the findings of the investigation without the express consent of the State conducting the investigation." ICAO Annex 13, § 5.26 (9th ed., July 2001).

■ Here, defendant concedes that Taiwan is not a party to the ICAO. Amended Joint Stip. at 9:1. Therefore, this Court finds ICAO Annex 13 is not applicable. *See* ICAO Annex 13, § 5.2 (9th ed., July 2001) (discussing accidents occurring in non-contracting states and implicitly recognizing

ICAO is inapplicable); *cf. Mingtai Fire & Marine Ins. Co. v. United Parcel Serv.,* 177 F.3d 1142, 1146–47 (9th Cir.) (Warsaw Convention does not apply to Taiwan, which is not signatory to Convention), *cert. denied,* 528 U.S. 951, 120 S.Ct. 374, 145 L.Ed.2d 292 (1999); *In re Schwinn Bicycle Co.,* 190 B.R. 599, 612 (Bankr.N.D.Ill.1995) ("Taiwan is not a signatory to the Hague Service Convention. As a result, the Hague Service Convention does not apply to service of process on citizens of Taiwan."). Moreover, to the extent defendant contends ICAO Annex 13 should apply because Taiwan is voluntarily complying with its provisions in conducting the investigation of the Taiwan crash, defendant cites no authority to support its position. *Hollins v. Powell,* 773 F.2d 191, 196 (8th Cir.1985), *cert. denied,* 475 U.S. 1119, 106 S.Ct. 1635, 90 L.Ed.2d 181 (1986); *In re Grand Jury Subpoena Dated January 4, 1984,* 750 F.2d 223, 225 (2d Cir.1984). To the contrary, Taiwan has its own regulations for conducting aircraft accident investigations, which defendant does not allege prohibit the production of responsive documents. Thus, the Court also overrules defendant's ICAO Annex 13 objection.[6]

Based on the foregoing discussion, the Court hereby rules as follows:

| Request No. | Ruling |
| --- | --- |
| 1 | Denied (moot) |
| 6–7 | Denied (moot) |
| 13, 15 | Denied (sufficient documents produced) |
| 18–19 | Denied without prejudice [7] |
| 20–27 | Granted |
| 30 | Denied; however, defendant needs to verify under Rule 26(g) that no documents are in defendant's possession or control (hereafter "Rule 26(g) verification") |
| 33 | Denied (overbroad) |
| 34–35 | Denied (Rule 26(g) verification) |
| 36–37 | Denied |
| 41 | Granted |
| 42 | Denied (Rule 26(g) verification) |
| 43 | Granted |
| 44–47 | Denied (Rule 26(g) verification) |
| 51 | Denied (relevancy) |
| 53–55 | Granted |
| 57 | Denied (Rule 26(g) verification) |
| 58–69 | Granted |
| 74 | Denied (Rule 26(g) verification) |
| 75–82 | Granted |

---

**6.** For this reason, it is unnecessary to address the plaintiffs' argument that defendant waived this objection.

**7.** The CVR and the unpublished portions of the transcript of the CVR tape are discoverable under 49 U.S.C. § 1154(a), provided certain conditions are met to ensure they will not be publicly

## ORDER

Plaintiffs' motion to compel is granted, in part, and denied, in part, as set forth above, and defendant Singapore Airlines shall produce responsive documents and Rule 26(g) verifications to plaintiffs no later than twenty (20) days from the date of this Order.

disseminated in an inappropriate manner. Section 1154(a) provides, in pertinent part:

(1) Except as provided by this subsection, a party in a judicial proceeding may not use discovery to obtain—

(A) any part of a cockpit or surface recorder transcript that the National Transportation Safety Board has not made available to the public under section 1114(c) or 1114(d) of this title; and

(B) a cockpit or surface vehicle recorder recording.

(2)(A) Except as provided in paragraph (4)(A) of this subsection, a court may allow discovery by a party of a cockpit or surface vehicle recorder transcript if, after an in camera review of the transcript, the court decides that—

(i) the part of the transcript made available to the public under section 1114(c) or 1114(d) of this title does not provide the party with sufficient information for the party to receive a fair trial; and

(ii) discovery of additional parts of the transcript is necessary to provide the party with sufficient information for the party to receive a fair trial.

(B) A court may allow discovery, or require production for an in camera review, of a cockpit or surface vehicle recorder transcript that

the Board has not made available under section 1114(c) or 1114(d) of this title only if the cockpit or surface vehicle recorder recording is not available.

(3) Except as provided in paragraph (4)(A) of this subsection, a court may allow discovery by a party of a cockpit or surface vehicle recorder recording if, after an in camera review of the recording, the court decides that—

(A) the parts of the transcript made available to the public under section 1114(c) or 1114(d) of this title and to the party through discovery under paragraph (2) of this subsection do not provide the party with sufficient information for the party to receive a fair trial; and

(B) discovery of the cockpit or surface vehicle recorder recording is necessary to provide the party with sufficient information for the party to receive a fair trial.

49 U.S.C. § 1154(a). Here, the NTSB is a party to the investigation in Taiwan, and Section 1154(a), thus, arguably applies. However, plaintiffs have made no attempt to demonstrate that the publicly released transcript of the CVR, Amended Joint Stip., Exh. 3, is insufficient for them to receive a fair trial. Therefore, plaintiffs' motion to compel re Request nos. 18 (complete transcripts of the CVR) and 19 (CVR tape) should be denied.