**M2 SOFTWARE, INC., a Delaware corporation, Plaintiff,**

v.

**M2 COMMUNICATIONS, L.L.C., et al., Defendants.**

No. CIV.02–01588–AHM (Mcx).

United States District Court, C.D. California, Western Division.

May 27, 2003.

Toula A. Arvanitis–Dalpe, Toula A. Arvanitis–Dalpe Law Offices, Anaheim, CA, for plaintiff.

Anthony M. Keats, Larry W. McFarland, David K. Caplan, Keats, McFarland & Wilson, Beverly Hills, CA, Mark Hayes Wildasin, Robb S. Harvey, Waller, Lansden, Dortch & Davis, Nashville, TN, John E. McOsker, Waller, Lansden, Dortch & Davis, Los Angeles, CA, for defendants.

### ORDER GRANTING MOTION TO COMPEL PRODUCTION OF DOCUMENTS

McMAHON, United States Magistrate Judge.

On the court's own motion, the court dispenses with oral argument with respect to the motion of defendant M2 Communications, L.L.C. ("M2 Communications") to compel plaintiff M2 Software, Inc. ("M2 Software") to produce its documents, previously noticed for hearing on May 28, 2003. Local Rule 7–15. The court takes the motion under submission and decides the motion forthwith.

█ This court is aware that Judge Matz set the non-expert discovery cutoff at April 21, 2003 in this action, that the present motion was filed on May 6, 2003 and noticed for hearing on May 28, 2003, and that the present discovery motion would ordinarily be barred by the non-expert discovery cutoff. The movant's evidence in support of this motion demonstrates, however, that M2 Software responded to document requests with statements that it had produced or will produce documents, that counsel for M2 Software stated in writing thereafter that she planned to make a supplemental production of documents, that counsel for M2 Communications repeatedly and diligently requested M2 Software to produce the requested documents and things and that M2 Software never clearly stated that it would not produce the requested and promised documents until it was too late to file a timely discovery motion within the terms of the non-expert discovery cutoff date.

This court will not rigidly enforce the discovery cutoff by barring the present discovery motion in circumstances in which M2 Communications and its counsel reasonably relied to its detriment upon the representations of M2 Software and its counsel that M2 Software would produce the documents at issue. In these circumstances and on these facts, the interest of the court in the efficient management of its caseload by the enforcement of the discovery cutoff should yield to the court's overriding interest in fairness and equity. For these reasons, the court will hear and decide the present discovery motion despite the fact that it was filed after the discovery cutoff date.

█ The motion of M2 Communications to compel M2 Software to produce its documents is granted. M2 Software responded to each of the document production requests at issue with this or a similar response:

"Subject to and without waiver of its General Objections ... Plaintiff responds that, pursuant to FRCP 33(d), it has pro-

duced and/or will produce documents responsive to this Request."

M2 Software's responses were preceded by two pages of boilerplate "General Objections". The plaintiff's General Objections are not sufficient to raise any substantial, meaningful or enforceable objections to any particular discovery request. *See In re Air Crash at Taipei, Taiwan,* 211 F.R.D. 374, 376, n. 2 (C.D.Cal.2002); *Walker v. Lakewood Condominium Owners Association,* 186 F.R.D. 584, 587 (C.D.Cal.1999); *Taylor v. Los Angeles Police Department,* 1999 WL 33101661 at *4 (C.D.Cal.1999). That portion of M2 Software's document production responses referring to Rule 33(d), Federal Rules of Civil Procedure, is unintelligible and meaningless, because the cited rule allows a party to respond to *an interrogatory* by producing business records, a situation which does not exist here. Thus, the verified response of M2 Software to each request to produce amounts to a response under penalty of perjury that it will produce all documents responsive to the request.

M2 Software may not claim at this late date that the requested documents are irrelevant or beyond the scope of the lawsuit. It has already waived relevancy objections by responding to each request that it will produce the requested documents.

The only remaining question is whether the particular categories of documents and things sought by M2 Communications in this motion are within the scope of the requests at issue. M2 Software has made no claim that the documents and things at issue were not within the scope of the documents and things in the requests. M2 Software thus has impliedly conceded that issue.

For the reasons stated above, the motion of defendant M2 Communications to compel production of documents from plaintiff M2 Software is granted. Plaintiff M2 Software is ordered by hand delivery on or before June 9, 2003 to produce without any redactions all documents and things requested in defendant M2 Communications' first and second requests for production of documents and things. Such production shall include, but not be limited to:

(1) Exemplars of all of the plaintiff's Products;

(2) Copies of the plaintiff's Record Label Management System ("RLMS") license agreements;

(3) Names and addresses of current authorized licensees of RLMS and MPMS;

(4) Pleadings and documents produced by the plaintiff in trademark litigation and litigation against former licensees brought by the plaintiff;

(5) Transcripts of the depositions of Dave Escamilla, his employees and/or independent contractors, and licensees in the actions referred in subparagraph (4), above;

(6) The plaintiff's tax returns and the tax returns of Mr. Escamilla; and

(7) The plaintiff's financial documents regarding the plaintiff's alleged sales, including general ledgers, bank statements and records and the plaintiff's computer spreadsheets.

IT IS SO ORDERED.