This Opinion is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500

Faint

Mailed: September 11, 2015

Opposition No. 91218512

*Nike, Inc.*

*v.*

*Palm Beach Crossfit Inc. d/b/a*
*Crossfit CityPlace*

Before Zervas, Kuhlke, and Hightower,
Administrative Trademark Judges.

By the Board:

Palm Beach Crossfit, Inc. d/b/a Crossfit CityPlace (Applicant) seeks to register the following design marks (the "Handstand marks") for "athletic training services," in Class 41; and "athletic tops and bottoms for weight lifting, weight training, cardiovascular training, cardiovascular exercises, yoga, warm-up, running, and triathlons; outerwear, namely, shorts and t-shirts," in Class 25:[1]

---

[1] Application Serial No. 86137841 was filed on December 7, 2013 and Application Serial No. 86157625 was filed on January 5, 2014. Both applications claim dates of first use and first use in commerce of November 15, 2012. The applications include the following description of the mark: "The mark consists of the silhouette of a person performing a one arm handstand holding onto a kettle bell, superimposed over three circles and an outer half-circle." Application Serial No. 86137841 includes the following additional description: "The color orange appears in the inner circle;



| *Serial No. 86137841* | *Serial No. 86157625* |

As grounds for opposition, Nike, Inc. (Opposer) alleges four claims for relief: Count 1, likelihood of confusion pursuant to Trademark Act Section 2(d); Count 2, dilution pursuant to Trademark Act Section 43(c); Count 3, false suggestion of a connection with Michael Jordan, pursuant to Trademark Act Section 2(a); and Count 4, the mark comprises a portrait of a living individual, namely Michael Jordan, without his consent, pursuant to Trademark Act Section 2(c).

Opposer claims ownership of, and has made of record by submitting with its notice of opposition in accordance with Trademark Rule 2.122(d)(1), registrations for the following design marks (the "Jumpman marks") for "footwear, t-shirts, shorts, pullovers, pants, warm-up suits and tank tops," in Class 25;[2] "all-purpose sports bags and backpacks," in Class 18, "footwear

---

the color light blue appears in the middle circle, and the color dark blue appears in the outer circle and outer half circle and the design of the person" and the following color claim: "The color(s) orange, light blue and dark blue is/are claimed as a feature of the mark." Application Serial No. 86157625 states that "color is not claimed as a feature of the mark."

[2] Registration No. 1558100, registered September 26, 1989, claiming dates of first use and first use in commerce of November 24, 1987. The registration includes the statement, "color is not claimed as a feature of the mark." Sections 8 & 15 declarations accepted and acknowledged September 22, 1995 and May 4, 1996, respectively. First renewal, Sections 8 & 9 declarations accepted and acknowledged April 16, 2009.

and clothing, namely pants, shorts, shirts, t-shirts, sweatshirts, tank tops, warm-up suits, jackets, hats, caps, and socks," in Class 25;[3] and "basketballs," in Class 28:[4]



| Registration No. 1558100 | Registration No. 1742019 | Registration No. 3428287 |

In lieu of filing an answer, Applicant on November 3, 2014 filed a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b) (6). The motion is fully briefed.

## I. Motion Will Not Be Considered as a Motion for Summary Judgment

By its motion, Applicant asserts that its marks and Opposer's marks are so dissimilar on their face that there can be no likelihood of confusion under Trademark Act § 2(d), and no dilution under Trademark Act § 43(c). Further, Applicant argues that because its marks are derived from a photograph of

---

[3] Registration No. 1742019, registered December 22, 1992, claiming dates of first use and first use in commerce of January 3, 1988, for Class 18 and November 24, 1987, for Class 25. The registration includes the statement, "Color is not claimed as a feature of the mark." Sections 8 & 15 declarations accepted and acknowledged December 17, 1998, and May 7, 1999, respectively. First renewal, Sections 8 & 9 declarations received and accepted December 5, 2002, and March 5, 2003, respectively. Second renewal, Sections 8 & 9 declarations received and acknowledged January 16, 2013. Section 7 abandonment of "waistpacks" in Class 18 received June 27, 2013, and entered January 7, 2015.

[4] Registration No. 3428287, registered May 13, 2008 claiming dates of first use and first use in commerce of January 1, 2007. The registration includes the statement, "color is not claimed as a feature of the mark." Sections 8 & 15 declarations accepted and acknowledged May 9 and May 30, 2014, respectively.

Applicant's principal and have no relationship to Michael Jordan, Counts III and IV should be dismissed as a matter of law.

Opposer argues it has standing, that the four counts alleged in its notice of opposition are legally sufficient, and that Applicant is attacking only the merits of the claims, not their legal sufficiency.

As a preliminary matter, we note that Applicant has submitted, and incorporated within its motion, materials outside the pleadings. Applicant argues that the Board may rely on photographs incorporated in its motion to determine whether the claim stated by Opposer is plausible. Opposer argues that considering matters outside the pleadings would convert the motion to one for summary judgment, and such a motion would be premature in this case because initial disclosures have not been served.

Under Fed. R. Civ. P. 12(b)(6), if matters outside the pleadings are presented, and not excluded by the Board, the motion will normally be converted to one for summary judgment. *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys. Inc.*, 988 F.2d 1157, 26 USPQ2d 1038, 1044 (Fed. Cir. 1993). Inasmuch as the motion to dismiss was filed before the parties' initial disclosures were due and initial disclosures have not been served, the motion to dismiss will not be considered as a motion for summary judgment. *See* Trademark Rule 2.127(e)(1); *see also Qualcomm, Inc. v. FLO Corp.*, 93 USPQ2d 1768, 1769-70 (TTAB 2010) (motion for summary judgment denied as premature where movant had yet to serve initial disclosures).

## II. *Motion to Dismiss*

To withstand a motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff need only allege sufficient factual matter that, if proved, would allow the Board to conclude, or to draw a reasonable inference, that (1) the plaintiff has standing to maintain the proceeding, and (2) a valid ground exists for opposing or cancelling the mark. *Doyle v. Al Johnson's Swed. Rest. & Butik Inc.*, 101 USPQ2d 1780, 1782 (TTAB 2012) (*citing Young v. AGB Corp.*, 152 F.3d 1377, 47 USPQ2d 1752, 1754 (Fed. Cir. 1998)); *see also* TBMP § 503.02 (2015). Specifically, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Doyle*, 101 USPQ2d at 1782 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In particular, the claimant must allege well-pleaded factual matter and more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.". *Iqbal*, 556 U.S. at 678 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### A. Standing

To sufficiently allege standing within the meaning of Section 14 of the Trademark Act, 15 U.S.C. § 1064, an Opposer must plead facts sufficient to show that it has a direct and personal stake in the outcome of the opposition and a reasonable basis for its belief that it will be damaged. *See Ritchie v. Simpson*, 170 F.3d 1092, 50 USPQ2d 1023, 1025-26 (Fed. Cir. 1999). Here, Opposer alleges (i) common law rights in, and ownership of registrations for,

the Jumpman marks, (ii) Opposer would be damaged by registration of Applicant's Handstand marks, and (iii) the marks of the parties are similar, the goods and services at issue are related, and confusion is the likely result. Opposer therefore has sufficiently alleged its standing. *See Giersch v. Scripps Networks, Inc.*, 90 USPQ2d 1020, 1022 (TTAB 2009). Where a plaintiff has alleged standing as to at least one properly pleaded ground, its allegation of standing satisfies the standing requirement for any other legally sufficient ground. *See, e.g.*, *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1377, 101 USPQ2d 1713, 1727-28 (Fed. Cir. 2012) ("[O]nce an opposer meets the requirements for standing, it can rely on any of the statutory grounds for opposition set forth in 15 U.S.C. § 1052."); *Petróleos Mexicanos v. Intermix S.A.*, 97 USPQ2d 1403, 1405 (TTAB 2010).

### B. Matters Considered on Motion to Dismiss

In this proceeding, Applicant seeks to have the Board consider photographs of a person from which its Handstand marks were allegedly derived as "proof" that Applicant's Handstand marks do not depict Michael Jordan. While a court may not normally consider matters outside the pleadings on a motion to dismiss, consideration may be given to matter of public record. *Sebastian v. United States*, 185 F.3d 1368, 1374 (Fed. Cir. 1999) (finding district court properly considered superseded military regulations on motion to dismiss as regulations were matter of public record); *see also* 5B Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND

PROCEDURE § 1357 (3d ed. 2015) (noting, inter alia, that items subject to judicial notice, matters of public record, orders and items appearing in record of case may be considered on motion to dismiss).[5] The Board may also consider certain objective, verifiable facts available from Office records under a motion to dismiss, such as the filing date, filing basis, priority date, publication date and Applicant's name in an application that is the subject of an opposition proceeding. *See Compagnie Gervais Danone v. Precision Formulations LLC*, 89 USPQ2d 1251, 1256 & n.8 (TTAB 2009).

Applicant's photographs are not objective verifiable facts that are part of a public record or the application record. Nor are they matters of which we can take judicial notice pursuant to Fed. R. Evid. 201(b), because they are not generally known or accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Applicant uses the photographs to argue the merits of Opposer's claims, rather than the sufficiency of those claims, and the photographs themselves are evidence that would be subject to challenge as to the truth of the matters shown in the photographs. In view thereof, we have not considered those materials that were not part of the notice of opposition. *See Caymus Vineyards v. Caymus Med. Inc.*, 107

---

[5] Applicant relies on a nonprecedential decision, *Anderson v. Kimberly-Clark Corp.*, 570 F.App'x 927 (Fed. Cir. 2014), wherein the Federal Circuit considered photographs of actual products involved in a design patent dispute in reviewing a motion for judgment on the pleadings. The Court noted that matters outside the pleadings may be considered "if they are integral to the plaintiff's claims and their authenticity is not disputed." *Id.* at 932. Here, however, Applicant's photographs are not integral to Opposer's claims. *See* Trademark Rule 2.122(c) & (d)(1) (only pleaded registrations of plaintiff attached as exhibits to pleadings will be considered as evidence in an opposition).

USPQ2d 1519, 1522 n.2 (TTAB 2013) (evidence attached to motion to dismiss counterclaim not considered).

### C. Statutory Grounds for Opposition

With regard to the requirements for pleading, Fed. R. Civ. P. 8(a), as made applicable by Trademark Rule 2.116(a), in relevant part requires only, "a short and plain statement of the claim showing that the pleader is entitled to relief." The elements of a claim should be stated precisely and directly, and include enough detail to give the defendant fair notice. *Levi Strauss & Co. v. R. Josephs Sportswear Inc.,* 36 USPQ2d 1328, 1330 (TTAB 1994) (pleading must give fair notice of grounds or defenses alleged). For purposes of evaluating the sufficiency of the pleadings, all disputed issues, and all reasonable inferences, are construed in the light most favorable to the pleading party. *See Advanced Cardiovascular Sys.,* 26 USPQ2d at 1041.

1. Priority and Likelihood of Confusion and Dilution

We turn first to Opposer's claims of likelihood of confusion and dilution. To allege a valid ground for opposition under Section 2(d), Opposer need only allege it has valid proprietary rights that are prior to those of Applicant, or that it owns a registration which Applicant has not counterclaimed to cancel, and that Applicant's mark so resembles Opposer's mark as to be likely to cause confusion. *See* Lanham Act § 2(d), 15 U.S.C. § 1052(d); *Otto Roth & Co. v. Universal Foods Corp.*, 640 F.2d 1317, 209 USPQ 40 (CCPA 1981). Opposer alleges in its notice of opposition that it has "continuously used the design

mark comprised of a silhouette of Michael Jordan" in connection with clothing items since at least as early as 1987; in connection with bags since at least as early as 1988; and in connection with basketballs since at least as early as 2007.[6]

The essence of Applicant's argument is that the parties' marks are so dissimilar that the proceeding should be dismissed on this basis. Applicant is correct that, in certain circumstances, marks may be found to be so dissimilar that likelihood of confusion cannot be found as a matter of law. *See Kellogg Co. v. Pack'em Enters., Inc.*, 951 F.2d 330, 21 USPQ2d 1142 (Fed. Cir. 1991). However, in this case, Opposer's marks and Applicant's marks both contain silhouettes of figures with one arm extended, and we cannot say that the marks are so dissimilar that as a matter of law likelihood of confusion cannot be found. Applicant also argues that its services in Class 41 are not related to any of Opposer's goods. Because the services pertain to sports, and Opposer's goods also include sporting goods, we cannot state that the goods and services are so dissimilar that they are unrelated on their face. Whether Opposer is able to prove its allegations regarding the relatedness of the parties'

---

[6] 1 TTABVUE 6-7.

respective goods and services is not a matter for determination on a motion to dismiss.[7]

Accordingly, upon review of the notice of opposition, we find that Opposer has properly pleaded its claim of likelihood of confusion.

Turning to Opposer's claim of dilution by blurring, Applicant argues that dismissal is warranted in view of the dissimilarity of the marks, since dilution requires a showing of similarity between the marks.

A claim of dilution by blurring under Lanham Act § 43(c), 15 U.S.C. § 1125(c), requires that a plaintiff plead and prove the following in a Board proceeding:

> (1) plaintiff owns a famous mark that is distinctive;
> (2) defendant is using a mark in commerce that allegedly dilutes plaintiff's famous mark;
> (3) defendant's use of its mark began after plaintiff's mark became famous; and
> (4) defendant's use of its mark is likely to cause dilution by blurring.

*Coach Servs.*, 101 USPQ2d at 1723-24.

Opposer's dilution claim sufficiently alleges that Opposer's Jumpman marks are famous and became famous prior to the filing dates of Applicant's

---

[7] In its footnote 3 to its brief in opposition, Opposer cites *Tuxedo Monopoly, Inc. v. General Mills Fun Group*, 648 F.2d 1335, 209 USPQ 986, 988 (CCPA 1981), to support its statement, that "[i]t is sufficient if likelihood of confusion is found with respect to use of the mark on any[thing] that comes within the description of goods in the application or registration." Opposer is advised that the principle articulated in *Tuxedo Monopoly* is that a finding of likelihood of confusion as to any one of the goods or services in a single class would result in a finding of likelihood of confusion for the entire class, but not to goods or services in a different class. *See Inter IKEA Sys. B.V. v. Akea, LLC*, 110 USPQ2d 1734, 1745 (TTAB 2014) (if likelihood of confusion is found as to any item in class of goods, likelihood of confusion is sufficient as to entire class of goods).

applications and prior to Applicant's use of its Handstand marks. Opposer also alleges that registration of Applicant's Handstand marks will dilute the distinctiveness of its famous marks in violation of § 43(c) of the Lanham Act. *Citigroup Inc. v. Capital City Bank Group, Inc.*, 94 USPQ2d 1645, 1649 (TTAB 2010), *aff'd on other grounds*, 637 F.3d 1344, 98 USPQ 2d 1253 (Fed. Cir. 2011); *see also Fiat Group Auto. S.p.A. v. ISM, Inc.*, 94 USPQ2d 1111, 1113 (TTAB 2010). Applicant's arguments, however, again focus on whether Opposer will prevail on its claims rather than the sufficiency of those claims. Applicant argues similarity is an integral element of the dilution by blurring claim, and the lack of similarities between the marks means there can be no dilution by blurring. Again, however, because both marks involve silhouettes of figures with one arm extended, we cannot say that the marks are so dissimilar that as a matter of law there can be no dilution. We find that Opposer's pleading of dilution is sufficient.

Accordingly, Applicant's motion to dismiss Opposer's likelihood of confusion and dilution claims is **denied**.

2. False Suggestion of a Connection with Michael Jordan

Trademark Act Section 2(a) provides in pertinent part:

> No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it —
> (a) Consists of or comprises … matter which may … falsely suggest a connection with persons, living or dead … .

15 U.S.C. § 1052(a).

To properly plead a Section 2(a) claim of false suggestion of a connection, a plaintiff must allege the following:

1. defendant's mark is the same or a close approximation of the name or identity of a person or institution;
2. defendant's mark would be recognized as such by purchasers, in that the mark points uniquely and unmistakably to the person or institution named or identified;
3. the person or institution named or identified is not connected with the goods sold or activities performed by the defendant under the mark; and,
4. the name or identity of the person or institution identified is of sufficient fame or reputation that when the defendant's mark is used in connection with its goods or services, a connection with the person or institution identified would be presumed.

*In re Nieves & Nieves, LLC,* 113 USPQ2d 1629, 1632-33 (TTAB 2015) (*citing inter alia, Univ. of Notre Dame du Lac v. J.C. Gourmet Food Imps. Co.*, 703 F.2d 1372, 217 USPQ 505, 509 (Fed. Cir. 1983) and *Bd. of Trs. v. Pitts*, 107 USPQ2d 2001, 2025 (TTAB 2013)). Fundamental to a pleading of false suggestion of a connection under Trademark Act § 2(a) is the "initial and critical requirement" that the identity being appropriated is unmistakably associated with the person or institution identified. *Springs Indus., Inc. v. Bumblebee Di Stefano Ottina & C.S.A.S.*, 222 USPQ 512, 514 (TTAB 1984) (*quoting Univ. of Notre Dame*, 217 USPQ at 509).

Opposer alleges in general the following:[8]

2. Opposer and basketball legend Michael Jordan have enjoyed a well-known endorsement and licensing relationship for over twenty years, pursuant to which Opposer has developed and used various trademarks, some consisting in whole or part of Michael Jordan's name, image or likeness.

---

[8] 1 TTABVUE 6 & 9.

3. Opposer and Michael Jordan's relationship has led to a close association between Opposer and Michael Jordan in the public mind.

4. Opposer has continuously used the design mark comprised of a silhouette of Michael Jordan…(hereinafter the JUMPMAN DESIGN)….

…

15. As a result of Opposer's long use and registration of its JUMPMAN DESIGN mark, Opposer has developed substantial goodwill in said mark, and the public has come to associate the JUMPMAN DESIGN mark with the goods and services of Opposer.

…

Opposer specifically alleges in connection with its claim of false suggestion of a connection that:[9]

27. Applicant's Marks suggest a connection with Michael Jordan, the internationally famous basketball star.

28. In using Applicant's Marks, Applicant intends to suggest a connection with Michael Jordan and his legacy.

29. Applicant has no legitimate connection with Michael Jordan, and has no authority or permission to use trademarks suggesting such a connection.

We begin by observing that Opposer alleges Applicant's Handstand marks falsely suggest a connection not with *Opposer*, but rather with a third party, Michael Jordan, who is not a plaintiff in this case. While Opposer alleges generally its relationship with Michael Jordan has led to a close association between the two in the minds of the public, Opposer does not assert that the public would recognize Applicant's marks as pointing uniquely to Opposer (or to Michael Jordan), or that Applicant's Handstand marks are a close approximation of Opposer's (or Michael Jordan's) identity

---

[9] 1 TTABVUE 12.

or "persona," an element necessary to a false suggestion of a connection claim. *See Hornby v. TJX Cos.*, 87 USPQ2d 1411, 1424 (TTAB 2008) (noting requirement that name or image claimed to be appropriated must "point uniquely" to person or institution named or identified); *Ritz Hotel Ltd. v. Ritz Closet Seat Corp.*, 17 USPQ2d 1466, 1471 (TTAB 1990) (finding pleading that applicant's use of its mark points uniquely to person or institution named or identified is necessary element of Section 2(a) false suggestion claim); *see also In re White*, 73 USPQ2d 1713, 1720 (TTAB 2004) (noting fame of person or institution is not sufficient; rather, key is whether name or image is unmistakably associated with particular person or institution).[10]

Accordingly, Opposer's claim of false suggestion of a connection is insufficient. In view thereof, Applicant's motion to dismiss Opposer's Section 2(a) claim is **granted**, and paragraphs 27-30 of the notice of opposition are hereby **stricken**.

> 3. Marks Identifying a Living Individual without His Consent

We turn finally to Opposer's Section 2(c) claim. Section 2(c) of the Lanham Act provides, in relevant part:

> No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it —

---

[10] By so holding, we are not deciding the issue of whether Section 2(a) requires that the party asserting the false association claim be the referenced person or institution. Neither we nor the Federal Circuit have ever directly confronted or answered that question. Should opposer successfully replead to address the insufficiency identified here, that issue will remain open for Applicant to contest.

> (c) Consists of or comprises a name, portrait, or signature identifying a particular living individual except by his written consent … .

Lanham Act § 2(c), 15 U.S.C. § 1052(c).

Thus the name, portrait or signature of a particular living individual may not be registered without his or her *written consent*. The rationale behind Section 2(c) is:

> to protect living individuals from the commercial exploitation of their names, except where those living individuals agree to such exploitation as evidenced by the written consent by the individual to the applicant's use and registration of his name as a mark.

*Ceccato v. Manifattura Lane Gaetano Marzotto & Figli S.p.A.*, 32 USPQ2d 1192, 1194 (TTAB 1994).[11]

To sufficiently allege a Section 2(c) claim, a plaintiff must allege that the mark "consists of or comprises" the name, image, likeness or signature of a particular living individual, and that he or she is so well known that the public would reasonably assume a connection between the mark and the individual, or that, because the individual is publicly connected with the business or field of the identified goods or services, such connection would be assumed. *Martin v. Carter Hawley Hale Stores, Inc.*, 206 USPQ 931, 933 (TTAB 1979); *see also Krause v. Krause Publ'ns Inc.*, 76 USPQ2d 1904, 1909-10 (TTAB 2005).

---

[11] Under certain circumstances, a consent to registration may be implied from the terms of a written agreement. *See, e.g., In re D.B. Kaplan Delicatessen*, 225 USPQ 342 (TTAB 1985) (consent to registration implied from terms of buy-out agreement whereby individual named in mark sold entire interest in business conducted under mark to applicant).

Comparing Section 2(a) with Section 2(c), Section 2(a) can be invoked by an entity, but Section 2(c) requires reference to "a particular living individual." *See Ross v. Analytical Tech., Inc.*, 51 USPQ2d 1269, 1276 n.13 (TTAB 1999) (review of legislative history and final statutory language shows that § 2(c) must be understood as referring to "particular living individual"); 2 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 13:38 (4th ed. 2015) (comparing §§ 2(c) and 2(a)). In contrast to our having had no previous occasion to decide who may be a proper plaintiff under Section 2(a)'s false association clause, we have, in the *Ceccato* decision, previously held that an entity seeking to invoke Section 2(c) must assert that it has a "cognizable or proprietary right" in the name, image, likeness or signature, such as through a "linkage or relationship" with that particular individual sufficient to assert the third party's rights. *Ceccato*, 32 USPQ2d at 1195.[12]

Opposer alleges the following:[13]

31.  Section 2(c) of the Lanham Act prohibits registration on the Principal Register of a mark which "consists of a name, portrait, or signature identifying a particular living individual except by his written consent."

32.  Applicant's Marks consist of a silhouette portrait that identifies a particular living individual, namely, Michael Jordan.

---

[12] Since the party asserting the Section 2(c) claim in *Ceccato* did not prove *any* linkage or relationship with the referenced person, *see id.*, the Board in *Ceccato* did not elaborate upon the *degree* of linkage or association necessary to assert such a claim.

[13] 1 TTABVUE 12.

33. No written consent is of record for the Applications.

34. The Applications should be denied registration because they violate Section 2(c) of the Lanham Act, 15 U.S.C. § 1052(c).

Opposer has asserted a licensing relationship with Michael Jordan, at paragraph 3 of the complaint, and that it has developed and used trademarks consisting in whole or in part of Michael Jordan's image or likeness, giving Opposer a monetary interest in the image of Michael Jordan. Opposer has not asserted, however, that the "licensing relationship" gives it a proprietary right to assert a Section 2(c) claim on behalf of Michael Jordan.

Accordingly, Opposer has failed to sufficiently plead a claim under Trademark Act § 2(c). In view thereof, Applicant's motion to dismiss Opposer's Section 2(c) claims is **granted**, and paragraphs 31-34 of the notice of opposition are hereby **stricken**.

### III. Decision

Applicant's motion to dismiss Opposer's claims under Trademark Act §§ 2(d) and 43(c) is **denied**.

Applicant's motion to dismiss Opposer's claims under Trademark Act §§ 2(a) and 2(c) is **granted** and paragraphs 27-34 of the notice of opposition are hereby **stricken**.

If Opposer believes sufficient grounds exist to re-plead its Section 2(a) and 2(c) claims, Opposer is allowed until **TWENTY DAYS** from the mailing date of this order to file an amended notice of opposition.

## IV.    Schedule

Proceedings are resumed. Opposer is allowed until **TWENTY DAYS** from the mailing date of this order to serve on Applicant and file an amended notice of opposition failing which, the opposition will go forward on the notice of opposition as construed herein.

In the event Opposer serves and files an amended notice of opposition in accordance with this decision, Applicant is allowed until **TEN DAYS** from the service thereof to serve and file an answer or otherwise move with respect to the amended notice of opposition. If no amended notice of opposition is filed, Applicant is allowed until **THIRTY DAYS** from the mailing date of this order to serve and file an answer to the notice of opposition as construed herein. Of course, Applicant need not answer the paragraphs stricken by the present order.

Dates are otherwise reset as set out below:

| | |
|---|---|
| Deadline for Discovery Conference | 11/19/2015 |
| Discovery Opens | 11/19/2015 |
| Initial Disclosures Due | 12/19/2015 |
| Expert Disclosures Due | 4/17/2016 |
| Discovery Closes | 5/17/2016 |
| Plaintiff's Pretrial Disclosures Due | 7/1/2016 |
| Plaintiff's 30-day Trial Period Ends | 8/15/2016 |
| Defendant's Pretrial Disclosures Due | 8/30/2016 |
| Defendant's 30-day Trial Period Ends | 10/14/2016 |

| Plaintiff's Rebuttal Disclosures Due | 10/29/2016 |
| Plaintiff's 15-day Rebuttal Period Ends | 11/28/2016 |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

***