THIS ORDER IS A PRECEDENT OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

Webster

November 23, 2020

Cancellation No. 92070340

*Spanishtown Enterprises, Inc.*

*v.*

*Transcend Resources, Inc.*

**Before Thurmon, Deputy Chief Administrative Trademark Judge, and Shaw and Larkin, Administrative Trademark Judges.**

**By the Board:**

Spanishtown Enterprises, Inc. ("Petitioner") seeks cancellation of the registration of the mark PURISIMA and design set forth below for "wine" in International Class 33.[1]



In its amended petition for cancellation, Petitioner alleges: (1) likelihood of confusion based on prior common law use of the mark PURISSIMA for vodka; (2) abandonment; and (3) nonuse in commerce. *See* Amended Petition for Cancellation, 9 TTABVUE. In

---

[1] Registration No. 4842927 was issued on October 27, 2015 from an application filed on February 2, 2015. In a request for correction of the registration, filed October 30, 2017, Respondent claims May 16, 2014 as its date of first use anywhere and date of first use in commerce.

Cancellation No. 92070340

its answer, Transcend Resources, Inc. ("Respondent") denies the salient allegations in the Amended Petition for Cancellation.[2]

This case now comes up for consideration of Respondent's motion, filed April 13, 2020, for summary judgment "on Petitioner's Lack of Standing." 16 TTABVUE. The motion is fully briefed.[3] Respondent seeks summary judgment on the grounds that (a) Petitioner is prohibited from litigating this cancellation under Fed. R. Civ. P. 17(b) because it is suspended from doing business in its state of incorporation, and (b) Petitioner does not have "standing" to assert the alleged date of first use of the PURISSIMA mark in commerce by Petitioner's owners, Cesar Bisono and Ulrike[4] Bisono, because they are not parties to this proceeding. 16 TTABVUE 4.

## I.  Preliminary Matter

Our decisions have previously analyzed the requirements of whether a party is entitled to oppose or petition to cancel a registration under Sections 13 and 14 of the Trademark Act, 15 U.S.C. §§ 1063-64, under the rubric of statutory "standing."

---

[2] In an order issued October 29, 2019, the Board granted Petitioner's motion to strike each of Respondent's affirmative defenses in the answer.

[3] After full briefing of the motion, Petitioner filed a submission entitled "Notice of Potentially Relevant Authority" calling the Board's attention to a recent precedential decision from the U.S. Court of Appeals for the Federal Circuit. 21 TTABVUE (citing *Australian Therapeutic Supplies Pty. Ltd. v. Naked TM, LLC*, 965 F.3d 1370, 2020 USPQ2d 10837 (Fed. Cir. 2020)). A party may bring to the attention of the Board supplemental legal authority, such as a precedential decision from the Federal Circuit, issued after the close of briefing of the summary judgment motion. *See Omega SA v. Alpha Phi Omega*, 118 USPQ2d 1289, 1291 n.2 (TTAB 2016); TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 528.05(a)(1) (2020). Thus, we have considered the submission and the decision identified therein in our decision on the motion.

[4] The name is spelled "Ullrike" in the petition and in Respondent's motion for summary judgment; however, the name is spelled "Ulrike" in Petitioner's response to the motion and its attached declaration. We adopt Petitioner's corrected spelling, "Ulrike."

Recently, the Federal Circuit, our primary reviewing court, has clarified that this inquiry is more accurately referred to as an entitlement to a statutory cause of action, and we note that the Board will refer to it as such going forward. *See Australian Therapeutic Supplies Pty. Ltd.*, 2020 USPQ2d 10837, at *2-6 (re-characterizing the issue of the interest required for a party to pursue an opposition or cancellation proceeding as "entitlement to bring a cause of action"); *see also Corcamore, LLC v. SFM, LLC*, -- F.3d --, 2020 USPQ2d 11277, at * 6-7 (Fed. Cir. Oct. 27, 2020). Even more recently, in *Corcamore*, the Federal Circuit clarified that the appropriate analytical framework for determining whether a party is entitled to maintain a statutory cause of action under Sections 13 and 14 derives from the Supreme Court's decision in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 US 118, 129-34 (2014), and assesses whether the party has demonstrated: (i) an interest falling within the zone of interests protected by the statute and (ii) proximate causation. *Corcamore*, 2020 USPQ2d 11277, at *4-6 (holding that the *Lexmark* zone-of-interests and proximate-causation requirements control the statutory cause of action analysis). The Court noted that there is "no meaningful, substantive difference in the analysis" for assessing whether an opposer or cancellation petitioner satisfies the zone-of-interests and proximate causation requirements of *Lexmark* compared to the Court's (and this Board's) prior decisions that analyzed the issue in terms of whether a party demonstrated a "real interest" in the proceeding and a "reasonable belief in damage" by the registration of the mark. *Id*. at *7 (noting that the tests share a similar purpose and application). As the Court explained, demonstrating a real interest in opposing

or cancelling a registration of a mark satisfies the zone-of-interests requirement, and demonstrating a reasonable belief in damage by the registration of a mark demonstrates damage proximately caused by registration of the mark. *Id.* at 7-8. Thus, our prior decisions and those of the Federal Circuit assessing a party's "standing" under Sections 13 and 14 remain applicable despite the change in nomenclature of the inquiry to entitlement to a statutory cause of action. *Corcamore*, 2020 USPQ2d 11277, at *7-8.

## II. Relevant Arguments

With respect to Respondent's first ground for summary judgment, Respondent states that Petitioner, a California corporation, has been suspended by the State of California for failure to pay certain taxes and penalties. *Id.* at 5.[5] Respondent argues that, in view of Petitioner's suspension, Petitioner is precluded from prosecuting this action under Fed. R. Civ. P. 17(b) because its capacity to sue or be sued has been suspended by its state of incorporation. *Id.* at 5-6.

In support of its second ground for summary judgment, Respondent argues that Petitioner must demonstrate "prudential standing" to assert the individual rights and interests in Petitioner's mark of Petitioner's owners, Cesar and Ulrike Bisono. *Id.* at 8. Respondent argues that because Petitioner was not incorporated until March

---

[5] In support of this statement, Respondent submitted a "copy of the Petitioner's status with the California Secretary of State" downloaded from the California Secretary of State's website by Respondent's counsel. Declaration of Megan N. Bowker at ¶ 4, 16 TTABVUE 11, 16 (Exhibit 2).

23, 2016, it could not have used its pleaded mark prior to that date, *id.* at 7,[6] and that Petitioner may not rely on use of its mark by the Bisonos as individuals to establish use prior to its date of incorporation because the Bisonos are not parties to the cancellation proceeding. *Id.* at 8. According to Respondent, Petitioner is unable to demonstrate "standing" to assert the Bisonos' individual rights and interests in Petitioner's mark. *Id.*

In response, Petitioner argues that Respondent is seeking summary judgment on two affirmative defenses that have not been pleaded: (1) that Petitioner lacks the capacity to bring the action; and (2) that the individual owners of Petitioner are the real party in interest. 18 TTABVUE 4. To the extent the Board considers Respondent's summary judgment motion, Petitioner argues that the Lanham Act, not Fed. R. Civ. P. 17, controls who may file a petition to cancel. *Id.* at 7-8.

With respect to Respondent's second ground for summary judgment, Petitioner argues that Respondent has submitted no admissible evidence to establish that Petitioner does not have "standing" to bring the petition. *Id.* at 11. Petitioner objects to the documents submitted as exhibits to Respondent's motion for summary judgment as inadmissible hearsay because they "are being offered for the truth of their contents" and have not been authenticated. *Id.* at 4-5.

Petitioner argues that, to the extent that the Board agrees with Respondent that the Bisonos, individually, are the real parties in interest, the Board should permit

---

[6] Respondent submitted a "copy of Petitioner's Articles of Incorporation of a General Stock Corporation filed with the California Secretary of State on May 23, 2016." Declaration of Megan N. Bowker at ¶ 3, 16 TTABVUE 11, 14 (Exhibit 1).

Petitioner to add them as parties to the proceeding. *Id.* at 12. In support of its response to the motion for summary judgment, Petitioner submitted the declaration of David Gorsuch, General Manager of Petitioner, attesting to the following, among other things: (a) Ulrike and Cesar Bisono operated the business as a sole proprietorship prior to incorporating Petitioner and first used the mark as of October 3, 2014 (¶¶ 2-4); and (b) all of Petitioner's taxes that are due have been paid (¶ 5). 18 TTABVUE 17-18.

In reply, Respondent argues that Petitioner does not have the capacity under the Lanham Act to litigate this proceeding because "Petitioner, as a suspended California corporation, is a juristic person not capable of suing and being sued in a court of law." 20 TTABVUE 8. With respect to Petitioner's evidentiary objections, Respondent contends that the documents submitted with its motion, namely, Petitioner's articles of incorporation and the web page showing Petitioner's status with the California Secretary of State, are printed publications or official records that "are considered essentially self-authenticating." *Id.* at 5.

### III.  Summary Judgment Standard

Summary judgment is an appropriate method of disposing of cases in which there are no genuine disputes as to any material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the evidentiary record must be viewed in the light most favorable to the nonmoving party, and all justifiable inferences must be drawn from the undisputed facts in favor of the nonmoving party. *See Lloyd's Food Prods. Inc. v. Eli's Inc.*, 987

6

F.2d 766, 25 USPQ2d 2027, 2029-30 (Fed. Cir. 1993); *Olde Tyme Foods Inc. v. Roundy's Inc.*, 961 F.2d 200, 22 USPQ2d 1542, 1546 (Fed. Cir. 1992). We may not resolve disputes of material fact; we may only ascertain whether a genuine dispute regarding a material fact exists. *See Lloyd's Food Prods.*, 25 USPQ2d at 2029; *Olde Tyme Foods*, 22 USPQ2d at 1544.

The party moving for summary judgment has the burden of demonstrating that a material fact cannot be disputed by citing to particular parts of materials in the record, including affidavits or declarations, admissions or interrogatory answers; or showing that the cited materials do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden may be met by showing "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 323-24. If the moving party's burden is met, the nonmoving party may not rest on mere allegations, but must designate specific portions of the record or produce additional evidence showing the existence of a genuine dispute of material fact for trial. *See Venture Out Props. LLC v. Wynn Resort Holdings LLC*, 81 USPQ2d 1887, 1890 (TTAB 2007); *see also* Fed. R. Civ. P. 56(c)(1).

IV. **Petitioner's Capacity to Sue or Be Sued in Court**

We agree with Petitioner that Respondent's first ground for summary judgment raises the issue of Petitioner's capacity to sue or be sued under Fed. R. Civ. P. 17(b) and is different from the question of Petitioner's entitlement to bring a statutory

cause of action. Under Fed. R. Civ. P. 9(a)(2), a defendant that intends to raise the issue of the opposing party's lack of capacity to sue "must do so by specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." The specific denial should be made in the party's responsive pleading or in a motion filed prior to the answer. *See* 5A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE (CIVIL) § 1294 (4th ed. 2020).[7]

In this case, Respondent failed to raise the issue that Petitioner lacked the capacity to bring the cancellation proceeding in its earlier motion to dismiss or in its answer as a specific denial to the allegations in the Amended Petition for Cancellation.[8] Respondent merely avers that it is without knowledge or information sufficent to form a belief as to the truth of the allegations regarding Petitioner's status as a corporate entity.[9] 10 TTABVUE 1, ¶ 1. "[A]n issue of capacity, authority, or legal existence cannot be raised by a general denial. Nor can the issue be raised by a denial of knowledge or information sufficient to form a belief …." WRIGHT ET AL. *supra*.

Because Respondent failed to give Petitioner fair notice of its lack of capacity defense prior to filing the motion for summary judgment, Respondent may not obtain summary judgment on the defense. *See Omega SA v. Alpha Phi Omega*, 118 USPQ2d at 1291 n.2 (applicant may not obtain summary judgment on unpleaded defense).

---

[7] The Federal Rules of Civil Procedure are made applicable to Board proceedings under Trademark Rule 2.116, 37 C.F.R. § 2.116.

[8] Although Respondent noted in its motion to dismiss that "Petitioner was suspended by the California Franchise Tax Board on December," 4 TTABVUE 3, Respondent did not raise the lack of capacity defense in the motion or in its subsequent answer to the Amended Petition.

[9] Amended Petition for Cancellation at ¶ 1, 9 TTABVUE 2. Under Fed. R. Civ. P. 9(a)(1), a pleading need not specifically allege a party's capacity to sue or be sued.

Accordingly, Respondent's motion for summary judgment is **denied** with respect to its first ground for summary judgment.

If an answer raising lack of capacity which satisfied Fed. R. Civ. P. 9(a)(2) were to be filed, we would be in a position to adjudicate this defense. Accordingly, Respondent is allowed until **TWENTY DAYS** from the mailing date of this order to file an amended answer asserting the lack of capacity defense as a specific denial, failing which the defense will be deemed waived.[10]

## V.     Petitioner's Allegations of Use by its Individual Owners

Respondent's second summary judgment argument is that Petitioner is not entitled to bring a cause of action to assert priority based on use of its mark by its individual owners before Petitioner was legally created. This argument is meritless. First, in *Lexmark*, the Supreme Court stated that that the question of whether a party is entitled to bring a statutory cause of action is determined "using traditional tools of statutory interpretation" and is not properly described as a question of "prudential standing." 109 USPQ2d at 2067. Second, a party may establish priority on the basis of prior use of a similar mark by a predecessor-in-interest. *See Metro Traffic Control, Inc. v. Shadow Network Inc.*, 104 F.3d 336, 41 USPQ2d 1369, 1372 (Fed. Cir. 1997) (Board correctly found that petitioner's predecessor-in-interest used the mark before

---

[10] The Board has found that a corporation which has been suspended for failure to pay taxes and file returns may, upon revival, proceed with the prosecution or defense of a Board proceeding. *See WMA Grp., Inc. v. W. Int'l Media*, 29 USPQ2d 1478, 1479 (TTAB 1993). In addition, the U.S. Court of Appeals for the Federal Circuit has held that even the temporary dissolution of a plaintiff corporation does not prevent it from prosecuting a Board proceeding once it is revived in accordance with the laws of the state of incorporation. *See Stock Pot Rest., Inc. v. Stockpot, Inc.*, 737 F.2d 1576, 222 USPQ 665, 668 (Fed. Cir. 1984).

respondent's predecessor-in-interest); *W. Fla. Seafood, Inc. v. Jet Rests., Inc.*, 31 F.3d 1122, 31 USPQ2d 1660, 1662-63 (Fed. Cir. 1994) (TTAB erred in ignoring evidence of prior use by interrelated corporate, business, and personal "alter egos" operating under the mark); *see, e.g.*, *Brewski Beer Co. v. Brewski Bros., Inc.*, 47 USPQ2d 1281, 1286 (TTAB 1998) (use of respondent's mark by individual owners prior to formation of respondent corporation and during suspension of corporate charter would inure to the benefit of respondent). Finally, prior use in commerce by the entity that is bringing the action is not required to establish a cancellation petitioner's real interest, falling within the zone of interests, in the proceeding and a reasonable belief in damage proximately caused by registration of the mark. *See Lipton Indus., Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 213 USPQ 185, 189 (CCPA 1982) ("To establish a reasonable basis for a belief that one is damaged by the registration sought to be cancelled, a petition may assert a likelihood of confusion which is not wholly without merit ...."); *see also Life Zone Inc. v. Middleman Grp., Inc.*, 87 USPQ2d 1953, 1959-60 (TTAB 2008) (standing established for Section 2(d) claim but opposer failed to prove priority).

Petitioner alleges that "[i]t is owned by Cesar and Ulrike Bisono," and that Petitioner and the Bisonos have been using a "virtually identical" mark since October 2014.[11] In a prior order, the Board found these allegations, if proven, sufficient to establish Petitioner's entitlement to a statutory cause of action under Section 14. 14 TTABVUE 4. In addition, Respondent submitted no arguments or evidence to

---

[11] Amended Petition for Cancellation at ¶¶ 1, 9, 9 TTABVUE 2-4.

establish that Petitioner cannot rely on use of its pleaded mark by its individual owners as predecessors-in-interest to establish priority.

In view of the foregoing, we find that Respondent failed to carry its burden to demonstrate that no genuine disputes of material fact remain for trial and that it is entitled to judgment as a matter of law regarding Petitioner's entitlement to a cause of action. Accordingly, Respondent's motion is **denied** with respect to the second ground for summary judgment.[12]

## VI. Proceeding Schedule

Proceedings are resumed. Discovery, trial and briefing dates are reset as follows:

| | |
|---|---|
| Expert Disclosures Due | 12/12/2020 |
| Discovery Closes | 1/11/2021 |
| Plaintiff's Pretrial Disclosures Due | 2/25/2021 |
| Plaintiff's 30-day Trial Period Ends | 4/11/2021 |
| Defendant's Pretrial Disclosures Due | 4/26/2021 |
| Defendant's 30-day Trial Period Ends | 6/10/2021 |
| Plaintiff's Rebuttal Disclosures Due | 6/25/2021 |

---

[12] Although we have denied Respondent's motion without consideration of the evidence submitted in connection with the motion, for purposes of completeness, we note that neither of the exhibits attached to Respondent's motion may be considered an "official record" under Trademark Rule 2.122(e)(1), 37 C.F.R. § 2.122(e)(1), because the documents are not certified copies of the records as required under Fed. R. Evid. 902(4). *See Conde Nast Publ'n Inc. v. Vogue Travel, Inc.*, 205 USPQ 579, 580 n.5 (TTAB 1979); *see also* TBMP § 704.07. With respect to the new document submitted with Respondent's reply brief, we note that the submission of evidence that should have been filed with the main brief on the motion is improper. *See Kellogg Co. v. Pack'Em Enters. Inc.*, 14 USPQ2d 1545, 1549 n.9 (TTAB 1990), *aff'd*, 951 F.2d 330, 21 USPQ2d 1142 (Fed. Cir. 1991) (evidence supporting a motion for summary judgment must be submitted with the motion); *see also, Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003) (when new submissions and/or arguments are included in a reply brief on summary judgment, a nonmovant's ability to respond to the new evidence has been vitiated). We add that the evidence submitted in connection with a motion for summary judgment or opposition thereto is of record only for consideration of that motion. Any such evidence to be considered at final hearing must be properly introduced in evidence during the appropriate trial period. *See Levi Strauss & Co. v. R. Joseph Sportswear Inc.*, 28 USPQ2d 1464, 1465 n.2 (TTAB 1993).

| | |
|---|---|
| Plaintiff's 15-day Rebuttal Period Ends | 7/25/2021 |
| Plaintiff's Opening Brief Due | 9/23/2021 |
| Defendant's Brief Due | 10/23/2021 |
| Plaintiff's Reply Brief Due | 11/7/2021 |
| Request for Oral Hearing (optional) Due | 11/17/2021 |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, matters in evidence, the manner and timing of taking testimony, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).