**KELLOGG COMPANY, Appellant,**

v.

**PACK'EM ENTERPRISES, INC., Appellee.**

No. 91–1220

Opposition No. 80,5862.

United States Court of Appeals, Federal Circuit.

Dec. 11, 1991.

Jeffrey H. Kaufman of Oblon, Spivak, McClelland, Maier & Neustadt, Arlington, Va., argued for appellant. With him on the brief were Charles L. Gholz and John H. Weber. Of counsel was David A. Herdman, Battle Creek, Mich.

John M. Kamins of Honigman, Miller, Schwartz & Cohn, Detroit, Mich., argued for appellee. With him on the brief was John Friedl.

Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

The question in this appeal is whether the Trademark Trial and Appeal Board (Board) correctly granted summary judgment that there is no likelihood of confusion between the appellant Kellogg Company (Kellogg)'s FROOT LOOPS mark and the appellee Pack'em Enterprises, Inc. (Pack'em)'s FROOTEE ICE mark. We affirm.

I

Pack'em filed an application to register the mark FROOTEE ICE and accompanying elephant design for use on packages of flavored liquid frozen into bars, as shown below:

disclaiming the words "FROOTEE ICE" apart from the mark as shown. Kellogg opposed the registration, alleging likelihood of consumer confusion, with its FROOT LOOPS registered mark, in plain, capital letters, for cereal breakfast foods, stickers, and cereal-derived products to be used as breakfast food, snack food, and ingredients for making food. Pack'em moved for summary judgment on Kellogg's opposition, alleging that there is no likelihood of confusion between the marks.

Kellogg opposed Pack'em's motion with affidavit evidence that: (a) Kellogg is one of the largest ready-to-eat breakfast cereal companies; (b) Kellogg has continuously used the mark FROOT LOOPS since 1963 in association with a variety of products, including breakfast cereal, dessert sundaes, shakes and frozen confections; and (c) Kellogg has expended more than $135,000,000 in advertising and promotion of the FROOT LOOPS mark, and had sales of FROOT LOOPS products exceeding $750,000,000.

The Board granted Pack'em's motion for summary judgment and dismissed the opposition. The Board applied *In re E.I. duPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973), which enumerated thirteen evidentiary factors to be considered in determining likelihood of confusion. *Id.* at 1361, 177 USPQ at 567.

The Board held that the first of the *duPont* factors, "[t]he similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation and commercial impression," was dispositive of the issue and warranted summary judgment in favor of Pack'em. It noted that Pack'em's mark has an elephant design and stylized script, while Kellogg's does not, and that the marks share no common words, Pack'em's using FROOTEE, a misspelling of "fruity," and Kellogg's using FROOT, a misspelling of "fruit."

The Board held that "[c]onsidering the marks in their entireties, ... they differ so substantially in appearance, sound, connotation and commercial impression that there is no likelihood that their contempora-

neous use by different parties will result in confusion." The Board stated that it would so conclude

> even if opposer offered evidence at trial establishing that it has made prior and continuous use of its mark on goods, such as fruit-flavored frozen confections, which are very closely related to the goods identified in applicant's application; that the goods move through the same channels of trade to the same classes of purchasers; that the goods are purchased casually rather than with care; and that opposer's mark "FROOT LOOPS" has become a very strong and well known, indeed, famous, mark as applied to its goods in commerce. That is, opposer, in responding to the motion for summary judgment on the opposition, has not set out any evidence that it could produce at trial which could reasonably be expected to cause us to come to a different conclusion. The first *Dupont* factor simply outweighs all of the others which might be pertinent to this case. Accordingly, we believe that there is no genuine issue as to any fact that would be material to our decision on the question of likelihood of confusion, and that applicant is entitled to judgment on this question as a matter of law.

(Footnote omitted).

## II

*DuPont* listed thirteen factors which, "when of record, must be considered" "[i]n testing for likelihood of confusion under Sec. 2(d)" of the Lanham Act, 15 U.S.C. § 1052(d) (1988). The first factor, which the Board found dispositive is:

> (1) The similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation and commercial impression.

476 F.2d at 1361, 177 USPQ at 567.

■ The Board justifiably held that the substantial and undisputed differences in "appearance, sound, connotation and commercial impression" between the marks in this case warranted the grant of summary judgment that there was "no likelihood

that [the marks'] contemporaneous use by different parties will result in confusion."

A. As the Board noted, the marks are dissimilar in appearance. Pack'em's mark consists of the words "FROOTEE ICE" in script lettering and an elephant design. Kellogg's mark consists of two different words, "FROOT LOOPS" in plain capital letters. As the Board pointed out, the "only similarity" between the marks is that one "begins with the word 'FROOT' and the other with the word 'FROOTEE'." The marks also sound different and create different commercial impressions.

Kellogg argues that the Board improperly gave dispositive weight to the first *duPont* factor and improperly failed to consider other *duPont* factors, with respect to which it asserts there are disputed issues of material fact that precluded summary judgment. It relies on its affidavit evidence of its continuous use of its FROOT LOOPS mark since 1964, of the preeminence of Kellogg in the cereal market, and of the large amounts Kellogg has spent on advertising and has collected in sales revenues.

The Board did not ignore this evidence. It considered it, but concluded that even if Kellogg at trial could establish all of those claims, that evidence would be insufficient to show likelihood of confusion because "[t]he first *duPont* factor simply outweighs all of the others which might be pertinent to this case." The Board therefore concluded, correctly we hold, that "there is no genuine issue as to any fact that would be material to our decision on the question of likelihood of confusion."

In its motion for summary judgment, Pack'em pointed to the significant differences between the marks. In response, Kellogg submitted affidavits relating to facts about other issues, including the fame of the product sold under the Kellogg mark, Kellogg's advertising expenses, sales revenues, and continuous use of the mark over many years. Kellogg, however, did not offer any facts relating to the sole issue upon which Pack'em based its motion for summary judgment: The lack of any likelihood of confusion because of the dissimilarity of the marks. Kellogg presented no facts showing actual confusion, such as a customer survey.

In these circumstances, Pack'em carried its burden as a movant under Rule 56 of the Federal Rules of Civil Procedure. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) ("the burden on the moving party may be discharged by 'showing'—that is, pointing out to the District Court—that there is an absence of evidence to support the nonmoving party's case").

B. The only remaining question is whether the Board correctly held that here a single *duPont* factor—the dissimilarity of the marks—was dispositive of the likelihood of confusion issue. The Board correctly so ruled.

■ We know of no reason why, in a particular case, a single *duPont* factor may not be dispositive. *DuPont* recognized that in determining likelihood of confusion "each case must be decided on its own facts." *DuPont*, 476 F.2d at 1361, 177 USPQ at 567. It also recognized that "each [of the thirteen elements] may from case to case play a dominant role." *Id.* The court noted examples of cases in which a particular element made confusion likely or unlikely. *Id.* at 1362, 177 USPQ at 567.

In the present case, the Board ruled that the dissimilarity of "the marks in their entireties" itself made it unlikely that confusion would result from the simultaneous use of the marks. We cannot say that the Board committed any legal error in so holding. Whether or not the word "FROOT" is descriptive, and whether or not the Board properly took judicial notice of the dictionary meaning of the word "fruit"—issues which the parties dispute, but which we need not resolve—the record before the Board fully supports summary judgment in favor of Pack'em on likelihood of confusion.

C. Although Pack'em contends that Kellogg's appeal is frivolous and seeks attorney fees, we do not so characterize the appeal.

CONCLUSION

The decision of the Board is
AFFIRMED.