```
THIS OPINION
IS A PRECEDENT
OF THE T.T.A.B.
```

**UNITED STATES PATENT AND TRADEMARK OFFICE**
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

Lykos

Mailed:  March 20, 2008

Opposition No. 91175014

Ava Enterprises Inc.

v.

P.A.C. Trading Group, Inc.

Before Hohein, Holtzman and Bergsman, Administrative
Trademark Judges.

By the Board:

On April 21, 2006, applicant applied to register the
mark PAC BOOSTER THE PERFECT SOUND for "car and home audio
and video equipment, namely, car stereos, car amplifiers,
car speakers, car LCD panels, car DVD players, equalizers,
crossovers, portable DVD players, portable MP3 players, home
LCD and plasma television sets, home DVD players, and home
DVD recorders" in International Class 9.[1]  Opposer has
opposed registration on the ground that applicant's
applied-for mark so resembles opposer's previously used and
registered stylized mark BOSS AUDIOSYSTEMS for "automobile

---

[1] Application Serial No. 78866445, alleging a bona fide intent to
use the mark in commerce.  The term BOOSTER THE PERFECT SOUND has
been disclaimed.

audio components; namely, AM/FM stereo receivers, cassette tape decks, compact disc players, power amplifiers, equalizers, electronic cross overs, and speakers" in International Class 9,[2] that it is likely to cause confusion, mistake, or to deceive prospective consumers within the meaning of Section 2(d) of the Trademark Act.  In its answer, applicant denied the salient allegations contained in the notice of opposition.

This case now comes before the Board for consideration of applicant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  The motion is contested.

Applicant has moved for judgment on the pleadings on the grounds that the marks are dissimilar in sight, sound, and meaning, making confusion amongst prospective consumers impossible.  Opposer has responded that the marks at issue are confusingly similar insofar as the term BOOSTER contained in applicant's mark is nearly identical to the term BOSS in opposer's mark.  Opposer further contends that the goods identified in applicant's application and opposer's registration are identical.

For the reasons set forth below, applicant's motion is granted.

---

[2] Registration No. 1730794, registered on November 10, 1992, alleging June 10, 1989 as the date of first use anywhere and in commerce; Sections 8 and 9 affidavits accepted and granted.

A motion for judgment on the pleadings is a test solely of the undisputed facts appearing in all the pleadings, supplemented by any facts of which the Board will take judicial notice.  For purposes of the motion, all well pleaded factual allegations of the non-moving party must be accepted as true, while those allegations of the moving party which have been denied (or which are taken as denied, pursuant to Fed. R. Civ. P. 8(b)(6), because no responsive pleading thereto is required or permitted) are deemed false.[3]  Conclusions of law are not taken as admitted. *Baroid Drilling Fluids Inc. v. SunDrilling Products,* 24 USPQ2d 1048 (TTAB 1992).  All reasonable inferences from the pleadings are drawn in favor of the nonmoving party.  *Id.*  A judgment on the pleadings may be granted only where, on the facts as deemed admitted, there is no genuine issue of material fact to be resolved, and the moving party is entitled to judgment on the substantive merits of the controversy, as a matter of law.  *Id.*

"[O]ne *DuPont* factor may be dispositive in a likelihood of confusion analysis, especially when that single factor is the dissimilarity of the marks."  *See Champagne Louis Roederer S.A. v. Delicato Vineyards,* 148 F.3d 1373, 1375, 47

---

[3]  Thus, in making its determination, the Board need not consider applicant's submissions of copies of opposer's pleaded registration and applicant's application obtained from the Trademark Office TESS database.

USPQ2d 1459, 1460-61 (Fed. Cir. 1998).  Here, we find that this case can be determined on the basis of the marks alone. Based on the pleadings, there is no genuine issue of material fact that the marks at issue are PAC BOOSTER THE PERFECT SOUND and BOSS AUDIOSYSTEMS.  It is undisputed that the mark in opposer's pleaded registration does not contain any terms identical to those found in applicant's applied-for mark.  In particular, we judicially notice that the word BOSS in opposer's pleaded mark and the word BOOSTER in applicant's applied-for mark are completely different in meaning.[4]  No matter what meaning, if any, purchasers might ascribe to the word "boss," the connotation of opposer's mark cannot be found similar to that of applicant's mark. Opposer's suggestion in its responsive brief that the marks

---

[4]  It is well settled that the Board may take judicial notice of dictionary definitions.  *See, e.g., Hancock v. American Steel & Wire Co. of New Jersey,* 203 F.2d 737, 97 USPQ 330, 332 (CCPA 1953); *University of Notre Dame du Lac v. J.C. Gourmet Food Imports Co., Inc.*, 213 USPQ 594, 596 (TTAB 1982), *aff'd*, 703 F.2d 1372, 217 USPQ 505 (Fed. Cir. 1983); and *Marcal Paper Mills, Inc. v. American Can Co.,* 212 USPQ 852, 860 n.7 (TTAB 1981).  *The American Heritage Dictionary of the English Language* (4th ed. 2000) sets forth the following definitions of the words "boss" and "booster:"

"boss"  1a.  An employer or a supervisor.  b. One who makes decisions or exercises authority.  2.  A professional politician who controls a party or a political machine.

"booster"  1.  One that boosts, as a. A device for increasing power or effectiveness.  b.  An enthusiastic promoter, as of a sports team or school.  c.  *Electronics*  A radio-frequency amplifier.  d.  The primary stage of a multistage rocket that provides the main thrust for launch, liftoff, and initial flight. 2.  A booster shot.  3.  *Slang*  One who steals goods on display in a store.

are nonetheless confusingly similar because the terms BOSS and BOOSTER both begin with the letter "B," share the same letters "O" and "S," and sound similar is not persuasive inasmuch as it ignores the fact that the words, as well as the marks as a whole, are entirely different.  We therefore conclude that, notwithstanding the overlap of the respective goods, a likelihood of confusion cannot exist as a matter of law and that this case should be decided based on the first *du Pont* factor alone as being dispositive.  *See, e.g., Kellogg Co. v. Pack'em Enterprises Inc.,* 951 F.2d 330, 21 USPQ2d 1142 (Fed. Cir. 1991).

In view of the foregoing, applicant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is granted, and the opposition is hereby dismissed.