THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

mbm/ajl

October 11, 2023

Opposition No. 91266266 (Parent)

*Instagram, LLC*

*v.*

*Instagoods Pty Ltd*

Opposition No. 91285552

*Instagoods Pty Ltd*

*v.*

*Instagram, LLC*

**Ashlyn Lembree, Interlocutory Attorney:**

This consolidated proceeding now comes before the Board for consideration of Instagram, LLC's ("Instagram") motion, filed January 13, 2023, in Opposition No. 91266266, to take the discovery depositions of two officers of Instagoods Pty Ltd ("Instagoods"), both of whom are located in Australia, by oral examination via videoconference.[1] The motion is fully briefed.

---

[1] 29 TTABVUE. Citations to the record or briefs in this order include citations to the publicly available documents on the Board's online docketing system, TTABVUE. *See, e.g.*, *New Era Cap Co., Inc. v. Pro Era, LLC*, 2020 USPQ2d 10596, at *2 n.1 (TTAB 2020) (citing *Turdin v. Trilobite, Ltd.*, 109 USPQ2d 1473, 1476 n.6 (TTAB 2014)). The number preceding "TTABVUE" corresponds to the docket entry number; the number(s) following "TTABVUE" refer to the page number(s) of that particular docket entry, if applicable. The Board expects

## I.  Sua Sponte Consolidation

When cases involving common questions of law or fact are pending before the Board, the Board may order consolidation of the cases. *See* Fed. R. Civ. P. 42(a); *see also One Jeanswear Grp. Inc. v. YogaGlo, Inc.*, 127 USPQ2d 1793, 1795 (TTAB 2018). Consolidation is discretionary with the Board, and may be ordered upon motion granted by the Board, stipulation of the parties approved by the Board, or the Board's own initiative. *See Wis. Cheese Grp., LLC v. Comercializadora de Lácteos y Derivados, S.A. de C.V.*, 118 USPQ2d 1262, 1264 (TTAB 2016); *see also Wise F&I, LLC v. Allstate Ins. Co.*, 120 USPQ2d 1103, 1105 (TTAB 2016). In determining whether to consolidate proceedings, the Board will weigh the savings in time, effort, and expense which may be gained from consolidation, against any prejudice or inconvenience which may be caused thereby. *Wis. Cheese Grp.,* 118 USPQ2d at 1264.

The parties to these proceedings are identical; the marks forming the basis of the disputes are INSTAGOODS and INSTA, respectively; matters in dispute in both opposition proceedings turn on the strength of the term INSTA;[2] and, the existence of one proceeding is alleged as the basis of entitlement for another proceeding.[3] Accordingly, Opposition Nos. 91266266 and 91285552 are hereby consolidated and

---

that the parties will cite to the record using TTABVUE throughout this proceeding and particularly when referring to the evidentiary record in final briefs.

[2] *See* 4 TTABVUE 5, Fourth, Fifth, and Sixth "Affirmative Defenses" (Proc. No. 91266266) (alleging third party use and descriptiveness of the prefix "INSTA"); *see also* 1 TTABVUE 6-7, ¶¶ 5-13 (Proc. No. 91285552) (allegations concerning descriptiveness of the term "INSTA").

[3] 1 TTABVUE 3-4, ¶ 2 (Proc. No. 91285552).

may be presented on the same record and briefs. *See Wise F&I, LLC*, 120 USPQ2d at 1105 (sua sponte consolidation).

The complete record will be maintained in Opposition No. 91266266 as the "parent" case. From this point on, only a single copy of all motions and submissions should be filed. Each submission should be filed in the parent case only, but its caption must list both proceeding numbers, identifying the parent case first.

Despite being consolidated, each proceeding retains its separate character and requires entry of a separate judgment. The decision on the consolidated cases will take into account any differences in the issues raised by the respective pleadings; a copy of the decision will be placed in each proceeding file. *One Jeanswear Grp.*, 127 USPQ2d at 1795.

Because the proceedings have been consolidated, the Board has reset dates as set forth at the end of this order.[4]

## II.  Background in Opposition No. 91266266

Instagoods is an Australian entity located in the State of New South Wales (NSW), Australia. On December 1, 2020, Instagram filed a notice of opposition asserting the grounds of likelihood of confusion and dilution by blurring against Instagoods' involved Application Serial No. 88923261 to register the mark INSTAGOODS on the Principal Register, filed under Section 1(b) of the Trademark Act, 15 U.S.C. § 1051(b).

---

[4] The parties should promptly inform the Board of any other Board proceedings or related cases within the meaning of Federal Rule of Civil Procedure Rule 42, so that the Board can consider whether further consolidation is appropriate.

In disclosures and discovery responses, Instagoods identified Shaun Bonett, the founder and director of Instagoods, who furnished the discovery responses, as having information regarding the topics of: selection, decision to seek registration, initial development, design, and marketing of "offerings" in the U.S., as well as adoption, planned use, potential customers, channels of trade, and marketing plans related to the INSTAGOODS mark.[5] Instagram seeks to depose Mr. Bonett regarding these topics, as well as regarding his knowledge of two prior applications to register the identical INSTAGOODS mark filed by Instagoods' former U.S. Vice President of Brand Development, Lavetta Willis,[6] while she was an officer of Instagoods, which were subject to a prior opposition proceeding with Instagram, and the scope of Ms. Willis' authority with Instagoods.[7] Mr. Bonett is a resident of NSW, Australia.

---

[5] 29 TTABVUE 24, 30-31, 35, 39-41.

[6] Although Ms. Willis' title as U.S. Vice President of Brand Development is redacted in Instagram's publicly filed motion, her title is not redacted in Instagram's publicly available reply brief. *Compare* 29 TTABVUE 6 *with* 32 TTABVUE 28. Further, the Board determines that Ms. Willis' title cannot reasonably be considered confidential and declines to treat it as such. *See* Trademark Rule 2.116(g), 37 C.F.R. § 2.116(g) (The Board may treat as not confidential that material which cannot reasonably be considered confidential, notwithstanding a designation as such by a party.). Except for submissions that contain truly confidential information, Board proceedings are designed to be open to public view. Trademark Rule 2.27(c); *see also* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 412.01(c) (2023). Over-designation of material as confidential thwarts the ability of the public to inspect Board records and documents. *See* TBMP § 412.01(c). Moreover, at final decision, the Board needs to be able to discuss the evidence of record, unless there is an overriding need for confidentiality, so that the parties and a reviewing court will know the basis of the Board's decisions. *Edwards Lifesciences Corp. v. VigiLanz Corp.*, 94 USPQ2d 1399, 1402 (TTAB 2010).

[7] 29 TTABVUE 4-7; *see also* 32 TTABVUE 28.

In addition, Instagoods identified in its discovery responses Roger Hatem, a Director of Instagoods,[8] as having knowledge concerning Instagoods' initial development, design, and marketing plans regarding offerings under the INSTAGOODS mark.[9] Instagram seeks to depose Mr. Hatem regarding these topics as well as regarding his knowledge of the two prior INSTAGOODS applications filed by Ms. Willis' and the scope of Ms. Willis' authority with Instagoods. Mr. Hatem also is a resident of NSW, Australia.

On October 28, 2022, Instagram informed Instagoods of its intent to take the discovery depositions of Messrs. Bonett and Hatem, and requested that Instagoods consent to taking the discovery depositions orally via videoconference, rather than by written questions under Trademark Rule 2.124, 37 C.F.R. § 2.124. While Instagoods did not object to the discovery depositions, Instagoods would not consent to oral depositions by videoconference. On January 13, 2023, Instagram filed its motion for leave to take the discovery depositions of Messrs. Bonett and Hatem orally by videoconference.

### III. Instagram's Motion to Take Oral Discovery Depositions by Videoconference; Analysis and Discussion

**A. Good Cause**

Trademark Rule 2.120(c)(1) provides as follows:

---

[8] Mr. Hatem's title is also redacted from Instagram's publicly filed motion; however, the Board determines that Mr. Hatem's title cannot reasonably be considered confidential and declines to treat it as such. *See* Trademark Rule 2.116(g).

[9] 29 TTABVUE 40-41.

> The discovery deposition of a natural person residing in a foreign country who is a party or who, at the time set for the taking of the deposition, is an officer, director, or managing agent of a party, or a person designated under Rule 30(b)(6) or Rule 31(a) of the Federal Rules of Civil Procedure, shall, if taken in a foreign country, be taken in the manner prescribed by § 2.124 [upon written questions] unless the Trademark Trial and Appeal Board, upon motion for good cause, orders that the deposition be taken by oral examination, or the parties so stipulate.

37 C.F.R. § 2.120(c)(1).

What constitutes good cause for a motion to take a discovery deposition orally in a foreign country must be determined on a case-by-case basis, upon consideration of the particular facts and circumstances in each situation. *Orion Grp. Inc. v. Orion Ins. Co.*, 12 USPQ2d 1923, 1925 (TTAB 1989). In deciding such a motion, the Board weighs the equities, including the advantages of an oral deposition and any financial hardship that the party to be deposed might suffer if the deposition were taken orally in the foreign country. *Id.*; *see also Salutare S.A. de C.V. v. Remedy Drinks Pty Ltd*, 2022 USPQ2d 16, at *8-9 (TTAB 2021) (citing *Jain v. Ramparts Inc.*, 49 USPQ2d 1429, 1431 (TTAB 1998)).

The taking of the deposition also must comply with any applicable procedural requirements of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), and, if a party appropriately seeks to compel a deposition through Chapter I or Article 18 of the Hague Convention,[10] any

---

[10] Chapter I of the Hague Convention pertains to letters of request; Article 18 pertains to the application by a diplomatic officer, consular agent, or commissioner to take evidence by compulsion. Hague Conference on Private International Law (HCCH), Hague Evidence Convention, text available at https://assets.hcch.net/docs/dfed98c0-6749-42d2-a9be-3d41597734f1.pdf (last accessed Sept. 11, 2023); *see also Double J of Broward Inc. v. Skalony Sportswear GmbH*, 21 USPQ2d 1609, 1611-12 (TTAB 1991). The HCCH website may be consulted regarding whether both countries are signatories to the Hague Convention,

limitations the Board may impose upon consideration of international comity in light of any local laws given consideration by the Board. *See Salutare S.A. de C.V.*, 2022 USPQ2d 16, at \*8; *see also* Fed. R. Civ. P. 28(b)(3); *see also* Hague Convention, Art. 9; *see also* RESTATEMENT (FOURTH) OF FOREIGN RELATIONS LAW § 426(1) (2018) (Fourth Restatement) ("A court in the United States, when authorized by law, may order a person subject to its jurisdiction to produce documents or other forms of evidence and to submit to depositions and other forms of compulsory interviews relevant to an action or investigation, whether administrative, legislative, or judicial, even if the evidence, the person who controls access to the evidence, or the person subject to the compulsory interview is outside the United States."); *see also* Fourth Restatement § 426(3) (tribunal may consider "the likelihood of severe sanctions for failing to comply with foreign law and the good-faith efforts of the person to comply with the order in light of obstacles imposed by foreign law" in imposing sanctions for non-compliance with "an order to produce evidence or to submit to a compulsory interview"); *see also* Fourth Restatement § 426, cmt. a (five-factor comity test), discussed, *infra*, at pp. 16-18. In granting a motion to take a discovery deposition orally in a foreign country in accordance with any applicable Hague Convention requirements and consistent with the application of international comity and the Board's own rules of practice, the Board may permit a deposition to be taken by

---

whether the U.S. has assented to the other country's accession to the treaty, the nature of the other country's declarations as to specific articles of the treaty, and interpretations of the treaty reported by the HCCH Permanent Bureau.

remote means. *See Salutare S.A. de C.V.*, 2022 USPQ2d 16, at *8; *see also* Fed. R. Civ. P. 30(b)(4).

In its motion filed on January 13, 2023, Instagram argues that there is good cause under Trademark Rule 2.120(c)(1), because Messrs. Bonett and Hatem "appear to be the only remaining witnesses with relevant information employed by Instagoods," and that Instagram has been unsuccessful in obtaining information concerning Ms. Willis and her prior-filed applications through written discovery.[11] Instagram maintains that it has had difficulty obtaining the discovery deposition of Ms. Willis, because she is no longer an employee of Instagoods. Instagram argues that oral depositions will permit immediate follow-up questions, spontaneity, and the ability to evaluate the witness' demeanor and credibility, and that oral depositions will avoid answers to written questions that are carefully tailored by counsel. Instagram also argues that both witnesses speak English, live testimony will take less time and resources than taking the discovery depositions on written questions, and Instagoods will not suffer financial hardship if the depositions are taken orally by remote means.

In response, Instagoods acknowledges that conducting the depositions by oral examination would not pose a financial hardship for Instagoods, but argues that scheduling oral depositions would be difficult due to the time difference and the busy schedules of the two witnesses. Instagoods also argues that even if the Board were to

---

[11] 29 TTABVUE 10-13. Instagram states that information concerning Ms. Willis' filing of two prior applications for the identical INSTAGOODS mark while she was an officer of Instagoods may support a further ground of claim preclusion. *See* 29 TTABVUE 12 (mot.); *see also* 32 TTABVUE 28 (reply exhibit with proposed Letter of Request).

find good cause, because Australia is a signatory to the Hague Convention, Instagram must comply with the Hague Convention and local laws of NSW, and that "depositions by videoconference for use in a foreign tribunal cannot be compelled in New South Wales."[12]

In its reply brief, Instagram states that it has already offered to cooperate with Instagoods to coordinate the depositions to accommodate the time differences and schedules of the witnesses and to break up the depositions into shorter sessions, if necessary.

Upon consideration of the particular facts and circumstances of this proceeding, the Board finds that Instagram has demonstrated good cause to take the foreign depositions orally. Specifically, Messrs. Bonett and Hatem are the sole remaining party witnesses with knowledge regarding issues pertinent to the claims in this proceeding. Moreover, the Board finds that oral depositions are likely to aid in the furtherance of discovery in this proceeding, particularly where Instagram has had difficulty obtaining information regarding Ms. Willis' role with Instagoods and her prior-filed applications through written discovery. The fact that the oral discovery depositions may be conducted without the need for translations and Instagram's willingness to coordinate the depositions according to the schedules of the witnesses further supports a finding of good cause. *See Orion Grp. Inc.*, 12 USPQ2d at 1926 (considering the lack of need for translations a factor in finding good cause to take depositions orally).

---

[12] 31 TTABVUE 3.

## B. Taken Remotely by Videoconference

Turning to Instagram's request that the discovery depositions be taken remotely via videoconference, the Board finds it appropriate for the oral depositions to be conducted remotely. Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that depositions may be taken "by telephone or other remote means," and "[n]othing in the language of Rule 30 requires a showing of necessity, financial inability or other hardship to obtain an order to proceed via [remote means], and leave to take depositions [via remote means] should be liberally granted in appropriate cases." *Salutare S.A. de C.V.*, 2022 USPQ2d 16, at \*15-16 (quoting *Hewlett-Packard Co. v. Healthcare Pers., Inc.*, 21 USPQ2d 1552, 1553 (TTAB 1991)); *see also* Fed. R. Civ. P. 30(b)(4). "[F]ederal practice favors the use of technological benefits in order to promote flexibility, simplification of procedure and reduction of cost to parties." *Salutare S.A. de C.V.*, 2022 USPQ2d 16, at \*15. The taking of the discovery depositions remotely by videoconference will promote flexibility and reduce costs to the parties, particularly where the parties may elect to break up the depositions into segments to accommodate the witnesses' schedules.

In its brief in response to Instagram's motion, Instagoods argues that the laws of NSW prohibit the taking of depositions by videoconference.[13] In support of its argument, Instagoods submits the declaration of Susan Schlesinger, Instagoods' U.S. counsel, who asserts that, under the law of NSW: "A foreign court is not entitled to **directly** take evidence from a witness located in NSW by video-link. However, NSW

---

[13] *Id.* at 5-6.

law does not prevent a witness, who is located in NSW, from voluntarily giving evidence from NSW by videolink [sic] in proceedings in a foreign court."[14]

Based on the information provided and the record currently before the Board,[15] it does not appear that the taking of a discovery deposition by videoconference is prohibited by NSW local law. Rather, the provisions cited by Instagoods provide only that a foreign court may not **directly** take evidence from a witness in NSW.[16] Discovery depositions in Board proceedings are taken outside the presence of the Board and do not result in the Board directly taking evidence from the witness. In fact, in context, the 2017 NSW Profile cited by Instagoods "provides for evidence on commission to be recorded in NSW by video, and for that recording to be sent to the foreign tribunal with a transcript of the witness' oral evidence."[17]

---

[14] *Id*. (response brief), 14-15 (Schlesinger Decl., attaching Australia Country Profile "updated on: 08/08/2017" ("2017 NSW Profile") on taking of evidence by video-link under the Hague Convention), and 19 (2017 NSW Profile response to "Does YOUR STATE, in the application of Article 27 (ie internal law or practice), allow for a foreign Court to directly take evidence by video-link?") (emphasis as shown in original).

[15] Rule 44.1 of the Federal Rules of Civil Procedure ("Determining Foreign Law") does not obligate judges to undertake the burden of researching foreign law. CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 9A FEDERAL PRACTICE & PROCEDURE § 2444, "Proof of Foreign Law" (3d ed. April 2023 Update) (and cases cited therein).

[16] 31 TTABVUE 19.

[17] *Id*. at 20. As further contextual support, the Board considers Instagram's argument that the Evidence on Commission Act 1995 (NSW), Part 4, § 33(1), provides the NSW Supreme Court with "broad power to order any type of evidence gathering in NSW that it believes is necessary to help with a request made in a foreign proceeding." 32 TTABVUE 4; *see also* Fed. R. Civ. P. Rule 44.1 (in determining foreign law, the court may consider any relevant material or source). The Board prefers that parties submit, if possible, copies of the actual foreign statutes and rules cited in their briefs and exhibits, in English, along with date of enactment.

In view of the foregoing, and on balance, the Board finds that Instagram has demonstrated good cause to take the discovery depositions of the witnesses by oral examination and that it is appropriate for the depositions to be taken via videoconference. Accordingly, Instagram's motion to take the witnesses' discovery depositions orally by videoconference is **granted**.

### C. Compliance with Foreign Procedures and Available Devices

Notwithstanding this grant, it is Instagram's responsibility to follow appropriate procedures for ensuring that its taking of the discovery depositions orally by videoconference of Messrs. Bonett and Hatem, as compelled by a foreign tribunal, complies with (1) any applicable procedural treaty requirements and (2) any limitations the Board may impose upon consideration of international comity in light of any local laws given consideration by the Board.[18] *See Salutare*, 2022 USPQ2d 16, at *17; *see also* discussion, *supra*, at pp. 6-8.

If the party seeking the oral deposition establishes good cause under Trademark Rule 2.120(c), as Instagram has done here, the party may use any of the devices available to it under Federal Rule of Civil Procedure 28(b)(1). These include, noticing the deposition to all parties in the proceeding;[19] seeking issuance by the Board of a

---

[18] Inasmuch as Instagram stated an intention to seek compulsion of the depositions by a foreign tribunal under the Hague Convention and the Board herein informs Instagram of its requirements if it were to so proceed, *see* discussion, *supra*, at pp. 6-8, and *infra* at pp. 16-18, Instagram's request that the discovery depositions occur within two weeks of the Board's order is **denied**.

[19] Depositions on Notice. A deposition may be taken in a foreign country on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination. Fed. R. Civ. P. 28(b)(1)(C). "The United States has conventions on the subject [of taking depositions] with some countries and the simple procedure of taking the deposition

letter of request for use under the Hague Convention;[20] seeking issuance by the Board

or, if applicable, a U.S. District Court;[21] of a letter rogatory for application to the U.S.

---

by notice may be available in many instances." WRIGHT & MILLER, 8A FED. PRAC. & PROC. § 2083 ("Depositions in Foreign Countries") (3d ed.). The Hague Convention establishes a framework by which diplomatic officers, consular agents, and commissioners may, without compulsion, take evidence abroad. Hague Convention, Arts. 15-17. Notarizing officials of the United States of America at the locality, as defined by 22 C.F.R. § 92.1(d), are competent officials for taking depositions on notice in foreign countries. 22 C.F.R. §§ 92.52 and 92.55(a). However, if the laws or authorities of the national government do not permit notarizing officers to take depositions, the notarizing or commissioned officer may return the notice or commission and advise that an alternative method may be used. 22 C.F.R. §§ 92.55(c).

If service of a notice of deposition would normally be accomplished by way of a subpoena to recipients in the U.S., it may not be made in that manner for recipients abroad. *Cf.* Fed. R. Civ. P. 4(k) (territorial limits). *But see* 28 U.S.C. § 1783 (service upon U.S. national residing abroad). Rather, service may be affected by the Hague Service Convention or the Additional Protocol to the Inter-American Convention, if applicable given the nature of the document and the country of service. More information on service is available from the U.S. Dept. of State, Bureau of Consular Affairs, "Service of Process," available at https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process.html (last accessed Sept. 11, 2023).

[20] Letter of Request. *See* Fed. R. Civ. P. Rule 28(b)(1)(A) and (B). Chapter I and Article 18 of the Hague Convention establish a uniform framework to facilitate and streamline the compulsory taking of evidence abroad by use of "letters of request." *See* Hague Convention, Preamble. *See also Galaxy Metal Gear, Inc. v. Direct Access Tech., Inc.*, 91 USPQ2d 1859, 1862 n.5 (TTAB 2009) (recognizing the Hague Convention procedure as a means to obtain the deposition of a nonparty foreign witness); *see also Double J of Broward Inc.*, 21 USPQ2d at 1611-12. If seeking Board issuance of a letter of request, the party should attach to its motion the proposed letter. The Board notes that evidence obtained in response to a letter of request need not be excluded merely because it is not a verbatim transcript, because the testimony was not taken under oath, or because of any similar departure from the requirements for depositions taken within the United States. Fed. R. Civ. P. 28(b)(4).

[21] Some countries will not accept letters rogatory issued by an Administrative Law Judge. U.S. Dept. of State – Bureau of Consular Affairs, "Preparation of Letters Rogatory," available at https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html (last accessed Sept. 11, 2023). In view thereof, it is possible that some countries will not accept letters rogatory issued by the Board. In that event, application to a U.S. District Court for issuance of a letter rogatory may be possible. *Id.* (citing 28 U.S.C. § 1651).

Department of State for diplomatic processing;[22] or seeking the appointment of an individual or officer within the foreign territory who is commissioned to take the oath of the deponent.[23]

Seeking a deposition upon notice, letter of request, letter rogatory, or commission are not mutually exclusive options, nor is exhaustion of one method required before seeking another method. *See* Advisory Committee Notes on Amendments to Fed. R. Civ. P. 28(b), 31 F.R.D. 587, 640 (1963) (letter rogatory and commission may be used for contingency should witness be recalcitrant); *Societe Nationale Industrielle*

---

[22] Letters Rogatory. *See* Fed. R. Civ. P. Rule 28(b)(1)(B); *see also* WRIGHT & MILLER, 8A FED. PRAC. & PROC. § 2083 ("Letters rogatory are formal communications in writing sent by a court in which an action is pending to a court or judge of a foreign country requesting that the testimony of a witness resident within the jurisdiction of the latter court may be formally taken there under its direction and transmitted to the first court for use in the pending action. Typically, the letter rogatory will be channeled through the United States State Department and the ministry of justice of the foreign country. . . Compliance with the letters rogatory rests entirely upon the comity of the courts of the two countries toward each other."); *see also Galaxy Metal Gear*, 91 USPQ2d at 1862, n.5; *see also* U.S. Dept. of State, Bureau of Consular Affairs, "Preparation of Letters Rogatory," available at https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html (last accessed Sept. 25, 2023)

[23] Deposition on Commission. *See* Fed. R. Civ. P. Rule 28(b)(1)(D); *see also* 22 C.F.R. § 92.53 ("'Commission to take depositions' defined"); *see also* Victoria E. Brieant, "Techniques and Potential Conflicts in the Handling of Depositions (Part 2) (with Forms)," 20 No. 1 PRAC. LITIGATOR 9, 18 (Appendix 3) (Jan. 2009). United States consular officers, and other United States notarizing officers, as defined in 22 C.F.R. § 92.1(d), may be designated to execute a commission to take depositions. 22 C.F.R. § 92.55(a). Alternatively, a commission to take depositions can be issued to a foreign official or to a private person in a foreign country. 22 C.F.R. § 92.66(a); *see also Packard v. City of New York*, 326 F.R.D. 66, 69 (S.D.N.Y. 2018) ("Under Rule 28(b)(1)(D), [the deponent, a party plaintiff who sought a protective order to have his deposition taken by videoconference from his residence in Taiwan rather than in person in New York] also could seek to identify a suitable person in Taiwan to administer the oath pursuant to a commission issued by me. . . If [the deponent] chooses this route, [he] shall submit to the Court . . . an appropriate commission for the Court's consideration and approval.") (footnotes and citation omitted); *see also* Hague Convention, Arts. 17, 18 (taking of evidence by a person duly appointed as a commissioner, without and with compulsion).

*Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa,* 482 U.S. 522, 543-44 (1987) (*Aerospatiale*) (no rule of first resort to Hague Convention for evidence-gathering on foreign soil merely because both countries adopted the Convention);[24] *see also* Fed. R. Civ. P. 28(b)(2)(B) (issuance of a letter of request or commission does not require a showing that taking the deposition in another manner is impracticable or inconvenient).

In its reply brief, Instagram argues for the first time that it will seek its requested discovery by way of the Hague Convention by asking the Board to issue a letter of request so that Instagram can seek an order compelling the witnesses' attendance at the depositions in NSW. Instagram attaches a copy of the proposed letter of request to its reply brief. A party's arguments and evidence should be made in the brief in support of its motion. *See Kellogg Co. v. Pack'Em Enters. Inc.*, 14 USPQ2d 1545, 1549 n. 9 (TTAB 1990), *aff'd*, 951 F.2d 330, 21 USPQ2d 1142 (Fed. Cir. 1991). Instagram's requested relief of the issuance of a letter of request was raised improperly for the first time on reply. Instagoods, therefore, was not afforded an opportunity to respond. Instagram's request for issuance of a letter of request is therefore **denied**, without prejudice.

---

[24] The "optional Convention procedures" are a "permissive supplement, not a pre-emptive replacement for other means of obtaining evidence located abroad," and "are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Aerospatiale*, 482 U.S. at 533-41 (considering, inter alia, the Convention's permissive language, history, and lack of discrimination between party and non-party evidence).

Although Instagram's request for issuance of a letter of request is denied on procedural grounds, the parties are advised that Instagram, as the party seeking the application of the Hague Convention procedures for issuance of a letter of request, bears the burden of persuading the tribunal of the necessity of using those procedures. *Pronova BioPharma Norge AS v. Teva Pharm. USA, Inc.*, 708 F. Supp. 2d 450, 452 (D. Del. 2010); *Rich v. KIS Cal. Inc.*, 121F.R.D. 254, 257 (M.D.N.C. 1988). In deciding whether to apply the heavier hand of Hague Convention, Chapter I procedures concerning letters of request, the court or tribunal must consider the particular facts of each case, the sovereign interests at issue, and the likelihood that the procedures will prove effective. *Aerospatiale*, 482 U.S. at 543-44. The Board has adopted a five-factor balancing test set forth in the Third Restatement § 442(1)(c) for the purpose of addressing the demands of comity when seeking evidence abroad:

(1) the importance to the litigation of the documents or other information requested;
(2) the degree of specificity of the request;
(3) whether the information originated in the United States;
(4) the availability of alternative means of securing the information; and
(5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interest of the state where the information is located.

*Intercont'l Exch. Holdings, Inc. v. N.Y. Mercantile Exch., Inc.*, 2021 USPQ2d 988, at *13 (TTAB 2021) (discovery sought under the Federal Rules of Civil Procedure without resort to the Hague Convention) (citing *In re Air Crash at Taipei*, 211 F.R.D. 374, 377 (C.D. Cal. 2002) (adopting the RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW (Third Restatement) § 442(1)(c) five-part test noted by the U.S. Supreme Court

16

in *Aerospatiale*, 482 U.S. at 544, n.28, in connection with its tripartite test of "the particular facts, sovereign interests, and likelihood that resort to those procedures will prove effective" in ordering the production of unredacted personal information notwithstanding a foreign secrecy law)).[25] The Board applies a test of reasonableness in any refusal or insistence on use of Hague Convention procedures, such as use of traditional discovery methods for simple discovery requests and use of Hague Convention procedures for more intrusive discovery requests. *See Aerospatiale*, 482 U.S. at 544-546; *see also Double J of Broward*, 21 USPQ2d at 1612 (citing *Rich v. KIS Cal.*, 121 F.R.D. at 257).

To facilitate Board review of a motion for leave to take the deposition of a foreign witness by oral examination, the preferred practice is to include with the motion the

---

[25] The Fourth Restatement restates the same five-factor test of the Third Restatement for application in issuing and framing an order compelling production of evidence abroad. Fourth Restatement § 426, cmt. a. This five-factor test or its predecessor discussed in the RESTATEMENT (2ND) OF FOREIGN RELATIONS LAW, § 40 (1965) (Second Restatement), or a combination, has also been adopted in, e.g., the Second, Fifth, Seventh, Ninth, and Eleventh Circuits, and quoted favorably by the Court of Appeals for the Federal Circuit. *See In re Grand Jury Proceedings (United States v. Field)*, 532 F.2d 404 (5th Cir. 1976) (Second Restatement test); *Reinsurance Co. of Am. v. Administratia Asigurarilor de Stat (Admin. of State Ins.)*, 902 F.2d 1275, 1282 (7th Cir. 1990) (relying on Third Restatement § 442(2)(a) for "good faith" additional optional factor to five-factor test in § 442(1)(c)); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992) (Third Restatement five-factor test); *In re Grand Jury Proc.*, 691 F.2d 1384, 1389 (11th Cir. 1982) (Second Restatement test). Courts in the Second Circuit follow the five-factor test along with two additional factors: "the hardship of compliance on the party or witness from whom discovery is sought [and] the good faith of the party resisting discovery." *Miller v. Arab Bank, PLC*, 2023 WL 2731681, at *10 (E.D.N.Y. Mar. 31, 2023); *see also* Second Restatement § 40 (considering factor of "extent and nature of hardship that inconsistent enforcement actions would impose upon the person"); *see also* Third Restatement § 442, Reporters' Note No. 8 ("good faith effort to comply will be taken into account"); *see also Cochran Consulting, Inc. v. Uwatec USA, Inc.*, 102 F.3d 1224, 1227, 41 USPQ2d 1161, 1164 (Fed. Cir. 1996) (quoting with favor the principles in the Second Restatement along with good faith in considering discovery sanctions).

proposed notice of deposition, letter of request, letter rogatory, or commission, as appropriate.[26] A proposed notice of deposition should clearly identify the deponent's name and address, the proposed location and mode of the deposition, whether the deposition is sought under Rule 30(a) or 30(b)(6), the method of recording, the notarizing officer or commissioner or person taking the oath, the questions or topics to be asked of the deponent, and whether documents are requested. *See* Fed. R. Civ. P. 30(b) (notices of deposition).

The parties are encouraged to cooperate with one another in good faith to facilitate the prompt completion of the discovery depositions of Messrs. Bonett and Hatem. In the event the parties are unable to reach agreement regarding the procedures for taking the oral discovery depositions of the witnesses, the Board will consider a renewed motion for discovery under the Hague Convention, if appropriate, according to the guidelines set forth above.[27]

---

[26] There is no explicit requirement in the Trademark Rules of Practice that a notice of deposition be served before a party may move to take the deposition of a foreign witness by oral examination. *Salutare S.A. de C.V.,* 2022 USPQ2d at *17, n.46.

[27] Nothing in this order should be construed as a finding as to whether the Hague Convention procedures will be effective or whether Australia would be likely to honor a request from the Board. In order to determine whether a foreign country is likely to honor a letter of request issued by the Board, the Board prefers that the party filing a motion for a letter of request consult the Office of American Citizen Services, Department of State, prior to filing a motion for issuance of a letter of request. *See generally* TBMP § 404.03(c)(2). In the event an Instagoods' party witness fails to attend his discovery deposition, after being served with proper notice or compelled by letter of request or letter rogatory, the Board will entertain a motion for sanctions. *See* Trademark Rule 2.120(h); *see also HighBeam Mktg., LLC v. Highbeam Rsch., LLC*, 85 USPQ2d 1902, 1906-07 (TTAB 2008); *see also* Fourth Restatement § 426(3).

## IV. Summary; Schedule

Instagram's motion in Opposition No. 91266266 to take the discovery depositions of Messrs. Bonett and Hatem, both of whom reside in NSW, Australia, by oral examination via videoconference is **granted**. Instagram's request for issuance of a letter of request for the same purpose is **denied**, without prejudice.

Opposition Proceedings Nos. 91266266 and 91285552 are **consolidated**, and dates are reset by adopting the dates as set in Opposition Proceeding No. 91285552.

Proceedings are resumed. Dates are reset as follows:

| | |
|---|---|
| Expert Disclosures Due | **1/20/2024** |
| Discovery Closes | **2/19/2024** |
| Pretrial Disclosures Due for Party in Position of Plaintiff in Proceeding No. 91266266 | **4/4/2024** |
| 30-day Trial Period Ends for Party in Position of Plaintiff in Proceeding No. 91266266 | **5/19/2024** |
| Pretrial Disclosures Due for Party in Position of Defendant in Proceeding No. 91266266 and in Position of Plaintiff in Proceeding No. 91285552 | **6/3/2024** |
| 30-day Trial Period Ends for Party in Position of Defendant in Proceeding No. 91266266, and in Position of Plaintiff in Proceeding No. 91285552 | **7/18/2024** |
| Pretrial Disclosures Due for Rebuttal of Party in Position of Plaintiff in Proceeding No. 91266266 and in Position of Defendant in Proceeding No. 91285552 | **8/2/2024** |
| 30-day Trial Period Ends for Rebuttal of Party in Position of Plaintiff in Proceeding No. 91266266, and in Position of Defendant in Proceeding No. 91285552 | **9/16/2024** |
| Pretrial Disclosures Due for Rebuttal of Party in Position of Plaintiff in Proceeding No. 91285552 | **10/1/2024** |
| 15-day Trial Period Ends for Rebuttal of Party in Position of Plaintiff in Proceeding No. 91285552 | **10/31/2024** |
| Opening Brief for Party in Position of Plaintiff in Proceeding No. 91266266 Due | **12/30/2024** |
| Combined Brief for Party in Position of Defendant in Proceeding No. 91266266 and Opening Brief as Plaintiff in Proceeding No. 91285552 Due | **1/29/2025** |

| Combined Rebuttal Brief for Party in Position of Plaintiff in Proceeding No. 91266266 and Brief as Defendant in Proceeding No. 91285552 Due | **2/28/2025** |
|---|---|
| Rebuttal Brief for Party in Position of Plaintiff in Proceeding No. 91285552 Due | **3/15/2025** |
| Request for Oral Hearing (optional) Due | **3/25/2025** |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence.

**IMPORTANT TRIAL AND BRIEFING INSTRUCTIONS**

Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Such briefs should utilize citations to the TTABVUE record created during trial to facilitate the Board's review of the evidence at final hearing. *See* TBMP § 801.03. Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).

**TIPS FOR FILING EVIDENCE, TESTIMONY, OR LARGE DOCUMENTS**

The Board requires each submission to meet the following criteria before it will be considered: 1) pages must be legible and easily read on a computer screen; 2) page orientation should be determined by its ease of viewing relevant text or evidence, for example, there should be no sideways or upside-down pages; 3) pages must appear in

their proper order; 4) depositions and exhibits must be clearly labeled and numbered – use separator pages between exhibits and clearly label each exhibit using sequential letters or numbers; and 5) the entire submission should be text-searchable. Additionally, submissions must be compliant with Trademark Rules 2.119 and 2.126. Submissions failing to meet all of the criteria above may require re-filing. **Note:** Parties are strongly encouraged to check the entire document before filing.[28] The Board will not extend or reset proceeding schedule dates or other deadlines to allow time to re-file documents. For more tips and helpful filing information, please visit the ESTTA help webpage.

---

[28] To facilitate accuracy, ESTTA provides previews of each page before submitting.